Scileppi, J.
In a coram nobis proceeding, defendant seeks to vacate a 1963 conviction upon the ground that the pretrial identification procedure employed by the police tainted a subsequent in-court identification. The factual allegations in support of that claim have gone uncontested, the People controverting only the present availability of coram nobis to test the validity of the conviction.
The crux of defendant’s claim for relief is set forth in his supporting affidavit alleging that the pretrial identification was ‘ ‘ so unnecessarily suggestive and conducive to irreparable mistaken identification ” as to constitute a deprivation of due process of law (Stovall v. Denno, 388 U. S. 293, 302, citing Palmer v. Payton, 359 F. 2d 199 [4th Cir., 1966]). Culling authority from a line of decisions originating with People v. Ballott (20 N Y 2d 600), he argues that, although his conviction predates the Supreme Court decisions in United States v. Wade (388 U. S. 218) and Stovall v. Denno (388 U. S. 293, supra), as well as our own decision in Ballott (supra), he should have been afforded a hearing in the absence of the jury on the issue of taint and, failing that, he is now entitled to a vacatur of the conviction and a new trial; or, at the very least, that *286 the coram court erred in denying the writ without a hearing to determine whether the in-court identification had an independent source. Needless to say, his ultimate success or failure depends upon the nature of the right asserted and whether, in fact, that right was substantially impaired or denied (People v. Howard, 12 N Y 2d 65; People v. Waterman, 9 N Y 2d 561).
United States v. Wade (388 U. S. 218, supra) holds that once the pretrial identification procedure is shown to be impermissible and improper, any in-court identification, though not per se excludable, may not be received into evidence without first determining whether the subsequent identification was of independent origin (see, also, Gilbert v. California, 388 U. S. 263, 272; Stovall v. Denno, 388 U. S. 293, supra). And to relieve the obvious difficulties generally attending the determination of that issue during trial, the rule, at least for Federal courts, fashioned in Wade, requires that the trial court provide, outside the presence of the jury, an opportunity for the government to prove “ by clear and convincing evidence ” that the in-court identification was based upon observations of the suspect other than those incident to the showup or lineup, as the case may be (United States v. Wade, 388 U. S. 218, 240, supra; see, also, Gilbert v. California, 388 U. S. 263, 277, supra). In State prosecutions, however, the question of taint is to be determined at such proceedings as the various States themselves might deem necessary and appropriate to afford the prosecution the opportunity of establishing that the in-court identification was in fact the product of some independent source (Gilbert v. California, 388 U. S. 263, 277, supra).
To guard against the prejudicial effects of improper showup procedures, whatever their source, be it counsel’s absence (United States v. Wade, 388, U. S. 218, supra; Gilbert v. California, 388 U. S. 263, supra) or merely their alleged undue suggestiveness upon subsequent identifications (Stovall v. Denno, 388 U. S. 293, supra) we have required, in cases before us on direct appeal, that the question of taint be resolved at a separate hearing outside the presence of the jury pending trial (People v. Ballott, 20 N Y 2d 600, supra; People v. Damon, 24 N Y 2d 256). Yet, despite its definite salutary effects, the procedure outlined in Ballott remains only one method, albeit improved, of vindicating a due process claim. So where we have *287 been satisfied that the in-court identification, though subsequent to an improper showup, had an independent source, we have refused to remand for a preliminary hearing (see, e.g., People v. Brown, 20 N Y 2d 238; People v. Gonzales, 27 N Y 2d 53).
The opportunity, then, to examine into an alleged deprivation of due process by way of an independent hearing is not constitutionally required; and, our decision to require that the issue of taint be determined at a hearing upon remand for trial in a direct appeal generally would occasion little difficulty in terms of the economics of judicial time. It is to be noted that the exclusionary hearing under such circumstances is anterior to the recognized need for a new trial, and in terms of delay follows in the not too distant future. Where, however, the question is whether a new procedure fashioned for the vindication of a pre-existing constitutional right is properly a ground for relief in some remote collateral attack against the judgment of conviction, serious distinguishing factors, as well as the intrinsic limitations of the writ itself, suggest that the conviction remain undisturbed.
The claimed violation of due process was available to the defendant at the time of the original trial (Stovall v. Denno, 388 U. S. 293, 302, supra), and though the issue was not argued in precisely that context, the alleged suggestiveness of the identification procedure was raised, and the facts now presented in support of the claim were fully developed. True, since the trial did in fact predate our decision in Ballott, that claim could not have been tested via a preliminary hearing on the issue of taint. Yet, other avenues for relief remained open to the defendant, including his right to except to the identification and off the record develop its alleged suggestiveness and prejudicial effects. His decision to forego those routes, beyond subtle reference, suggests a trial strategy adopted by counsel because of a coincidental fear that in seeking to impeach the basis of the in-court identification the defendant would run the risk of bolstering the People’s case. The quandary was real enough, and recognizing its consequences we have since prescribed a procedure which promises to resolve such dilemmas.
That we have accorded limited retroactive effect to the Wade hearing requirement (People v. Ballott, 20 N Y 2d 600, supra; People v. Damon, 24 N Y 2d 256, supra) is of no moment since *288 coram nobis requires, in addition to the assertion of a fundamental constitutional right, that the opportunity to assert the same has been substantially impaired or denied (People v. Howard, 12 N Y 2d 65, supra; People v. Di Biasi, 7 N Y 2d 544). The issue raised involves at best improved procedural standards, founded upon notions more sensitive to the danger of injustice incidental to trial, not, as defendant would have it, a principle of fundamental fairness traditionally lacking an effective remedy (see People ex rel. Cadogan v. McMann, 24 N Y 2d 233, 239-240). Further, though the pretrial identification procedure was undoubtedly improper under Stovall (see, also, People v. Brown, 20 N Y 2d 238, supra; People v. Ballott 20 N Y 2d 600, supra), its alleged suggestiveness was flushed out during the course of trial. Absent a showing that the claimed due process violation could not have been vindicated under the law as it existed prior to our decision in Ballott, the conviction cannot now be disturbed (People v. Waterman, 9 N Y 2d 561, supra).
Accordingly, the order appealed from should be affirmed.