■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDITH M. CAMERON, STANLEY T. SIMS, KENNETH DAVIS, ROBERT S. WILLIAMS, MARVIN CAMERON and JENNIE SIMS, Appellants.— Appeal from six judgments of the Supreme Court, Queens County, all rendered May 15, 1972 (one as to each defendant), convicting them of criminal possession of a dangerous drug (in

varying degrees) etc., upon guilty pleas, and imposing sentences. The appeal brings up for review two orders of the same court, dated November 30, 1971 and January 25, 1972, which, respectively, denied their two successive motions to suppress evidence. Cases of the six defendants remitted to the Criminal Term for a hearing and a new determination on defendants' motion to suppress evidence on the ground that statements contained in the affidavit upon which the search warrants were issued were perjurious. In the interim, the appeals will be held in abeyance. On May 21, 1971 three search warrants were issued and executed upon a affidavit by a police officer which described certain activities of defendant Stanley Sims observed during three periods of surveillance and which alleged that a policy operation was being conducted. Defendants moved to controvert the warrants and to suppress the evidence seized. The right to a hearing was waived and the motion was argued solely on the ground of the legal sufficiency of the underlying affidavit. The motion was denied by order of November 30, 1971. In our opinion, the Criminal Term properly found that the statements contained in the affidavit made a sufficient showing of probable cause to justify the issuance of the warrant (*People* v. *Smith,* 21 N Y 2d 698; *People* v. *Valentine,* 17 N Y 2d 128; *People* v. *Meyers,* 38 A D 2d 484; *People* v. *White,* 16 N Y 2d 270; *United States* v. *Ventresca,* 380 U. S. 102, 108–112). Defendants subsequently moved to suppress the evidence seized on the ground that the affidavit contained perjured testimony and requested a hearing on that issue. The motion was supported by an affirmation by defense counsel stating, upon information and belief, that as a result of testimony given before the Knapp Commission a Federal Grand Jury had been convened to inquire into the conduct of the arresting officers in this case; that the officers had refused to testify on the ground of self-incrimination; and that the affidavit upon which the warrant had been issued contained perjured testimony. In opposition, the People stated that the United States Attorney's Office had informed them that although officers involved in this case had been called before a Grand Jury, the testimony sought had nothing to do with their conduct in this case. The motion was denied by the order of January 25, 1972. In our opinion, a hearing should have been granted upon defendants' allegations of perjury. A search warrant may be attacked on the grounds of perjury in the underlying affidavit (*People* v. *Alfinito,* 16 N Y 2d 181). Defendants' allegations with respect to the proceedings before the Knapp Commission and the subsequent Grand Jury proceedings were not conclusively refuted by the People. However tenuous the grounds in support thereof, the specter of police corruption was raised here and justice required a hearing at which the facts could be fully aired. We note that upon the hearing ordered herein the burden of proof will be on defendants and any fair doubt arising from the testimony at the hearing is to be resolved in favor of the warrant (*People* v. *Alfinito, supra,* p. 186). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.