■ RICHARD OLSZEWSKI et al., Appellants, v. COUNCIL OF THE HEMPSTEAD FIRE DEPARTMENT et al., Respondents.— In consolidated actions *inter alia* for a judgment declaring unconstitutional a by-law of the Hempstead Fire Department, regulating facial hair and its length of members of said Department, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered July 14, 1972, which dismissed the complaint, after a nonjury trial. Judgment reversed, on the law, with costs to respondents, and it is declared that the subject by-law is constitutional and valid. Special Term correctly determined that the attack upon the constitutionality and validity of the subject by-law had no merit and properly sustained the validity of the by-law. However, Special Term was in error in dismissing the complaint merely because plaintiffs were not entitled to a declaration in their favor. A declaration should have been made in favor of defendants (*Lanza* v. *Wagner*, 11 N Y 2d 317). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur. [70 Misc 2d 603.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT P. BELL, Appellant.— Judgment of the County Court, Nassau County, rendered May 20, 1970, affirmed (see *People* v. *Sayers*, 22 N Y 2d 571, cert. den., 395 U. S. 970; *People* v. *Gunner*, 15 N Y 2d 226, 232–233). Munder, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.