THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDITH MAY CAMERON, STANLEY TAYLOR SIMS, KENNETH DAVIS, ROBERT STEWART WILLIAMS, MARVIN CAMERON and JENNIE SIMS, Appellants.

Second Department, May 6, 1974.

*Diller & Schmukler* (*Joel A. Brenner* of counsel), for appellants.

*Nicholas Ferraro, District Attorney* (*Charles M. Newell* of counsel), for respondent.

SHAPIRO, J. The question here is whether evidence seized pursuant to a search warrant should be suppressed because the police officer upon whose affidavit the warrant issued refused, on constitutional grounds, to answer questions at the suppression hearing with regard to his conduct following the seizure (including what he had done with the seized items). The appeals are from six respective judgments convicting the six defendants of various crimes, upon guilty pleas, and the appeals bring up for review three orders denying motions by the defendants to suppress evidence. One of the orders was made after a hearing held pursuant to a remand during the pendency of the appeals, as appears below.

When these appeals were originally before us we held that the statements contained in the police officer's affidavit made a sufficient showing of probable cause to support the issuance of the warrant, but we remanded the case to the Criminal Term solely to determine, after a hearing, whether those statements were perjurious (*People* v. *Cameron*, 40 A D 2d 1034). The remand was predicated on the allegations of the defense that the affidavit contained perjurious statements and that the officer had refused to testify before a Federal Grand Jury inquiring into his official conduct on the ground that his testimony might incriminate him. Noting that a search warrant may be set aside if the affidavit upon which it was issued is shown

to be perjurious, we held the appeals from the judgments of conviction in abeyance pending the hearing ordered to determine that issue. That hearing has now been had and Mr. Justice BRENNAN has determined that the defendants did not sustain the burden which the law places upon them of demonstrating the perjurious nature of the affidavit.

The issue presented is a troublesome one, since the police officer whose veracity is at issue did refuse, on constitutional grounds, to answer questions before Mr. Justice BRENNAN *with regard to the execution of the warrant or his disposition of the items seized.*

No one can hold a brief for a police officer who, in a judicial inquiry, refuses to answer questions about the performance of his duties on the ground that his answers might be incriminating. However, as Mr. Justice BRENNAN pointed out, all of the police officer's refusals to answer dealt with the occurrences which took place *after* the seizure under the warrant; *none of them dealt with the truthfulness of the affidavit upon which the warrant was obtained.* The record is crystal clear that he was examined in great detail about the contents of his affidavit and answered every question asked him with respect to that.

The police officer at the hearing before Mr. Justice BRENNAN denied he had been questioned before the Federal Grand Jury about the truthfulness of his affidavit in this case, but he then volunteered the information that if he had been so questioned he would have invoked his constitutional privileges. Mr. Justice BRENNAN thereupon, in effect, suggested that the officer be directly asked whether his affidavit was truthful. *That suggestion was not accepted.* If that had been done and if the officer had then invoked his constitutional privilege against incrimination, we would be presented with a different picture. Here, however, we have a situation in which the ultimate burden of proof to establish perjury was upon the moving defendants (*People v. Alfinito,* 16 N Y 2d 181, 186) and I cannot quarrel with the court's findings that they failed to sustain that burden, particularly as another police officer was present at the time the observations underlying the affidavit were made and was not called as a witness, despite the court's pointed suggestion that this be done.

Accordingly, the judgments of conviction and the three orders should be affirmed.

GULOTTA, P. J., CHRIST, BRENNAN and BENJAMIN, JJ., concur.

Six judgments of the Supreme Court, Queens County, all rendered May 15, 1972 (one as to each defendant), and three orders of the same court, dated November 30, 1971, January 26, 1972 and August 14, 1973, respectively, affirmed.