**UNITED STATES of America ex rel. Jerry CUBICUTTI, Petitioner,**

v.

**Leon J. VINCENT, Warden, Green Haven Correctional Facility, Respondent.**

**No. 73 Civ. 5209.**

United States District Court,
S. D. New York.

Oct. 2, 1974.

---

Richard C. Stein, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen. of N. Y., for respondent; David R. Spiegel, Asst. Atty. Gen., of counsel.

GURFEIN, Circuit Judge, sitting by designation.

NATURE OF PROCEEDINGS:

Petitioner, a state prisoner presently incarcerated in Green Haven Correctional Facility, has made application pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure for an order va-

cating and setting aside the Court's previous decision of March 29, 1974, dismissing his petition for a writ of habeas corpus for his failure to comply with the requirements of 28 U.S.C. § 2254(b) and (c); to wit, failure to present the same claims made here in the state courts on direct appeal from his conviction. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); United States ex rel. Nelson v. Zelker, 465 F.2d 1121 (2 Cir.), cert. denied, 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 497 (1972). The Court at that time directed that the petition be dismissed in order to give petitioner the opportunity to present his newly-raised claims in state court via appropriate application for post-conviction relief in order to give those courts a "fair opportunity" to pass on them.

Following the Court's mandate, petitioner moved by order to show cause in Supreme Court, Queens County, before the original trial judge, for a motion to vacate and set aside the judgment of conviction, pursuant to Article 440 et seq., of the Criminal Procedure Law, raising for the first time in the state courts the issues previously raised here, namely, the sufficiency of the search warrant based upon probable cause and the denial of a suppression hearing prior to trial.

The trial judge denied the motion in its entirety on June 27, 1974. Without reaching the merits, that court stated that: "in the utilization of *coram nobis* it is necessary, in addition to the assertion of alleged violation of fundamental constitutional rights, that the opportunity to assert same has been substantially impaired or denied." Citing C.P.L. § 440.10(2)(c) and People v. Bennett, 30 N.Y.2d 283, 332 N.Y.S.2d 867, 283 N.E. 2d 747 (1972), the court denied the motion without a hearing on the ground that, upon complete review of the record, no impairment or infirmity had prevented petitioner from having raised these issues at trial or upon appeal.

It is upon this denial that petitioner has made the present motion in this Court to re-open his previously dismissed haebas corpus petition upon the grounds that "petitioner has exhausted his state remedies;" or, more correctly, that there are no longer any state remedies still available to him in order to raise his claims. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Petitioner appears to be correct in his assertion that no remedies are presently available to him under C.P.L. § 440.10(2)(c), which mandates that a motion to vacate a judgment must be denied where sufficient facts appear in the record to have permitted adequate appellate review of an issue where the issue was not raised on appeal. United States ex rel. Leeson v. Damon, 496 F.2d 718, 721 (2 Cir. 1974). Whether state habeas corpus is still a remedy is an open question. People ex rel. Anderson v. Warden, 68 Misc.2d 463, 325 N.Y.S.2d 829 (S.Ct. 1971). In view of the time that has elapsed and the uncertainty of the *habeas* remedy in the state courts, further delay "might well invite the reproach that it is the prisoner rather than the state remedy that is being exhausted." United States ex rel. Graham v. Mancusi, 457 F.2d 463, 467 (2 Cir. 1972). The Court will, therefore, entertain this application.

The order dismissing the petition is vacated and the petition is considered on the merits.

STATEMENT OF FACTS:

Petitioner was convicted, after trial by jury, of the crimes of promoting gambling (Penal Law § 225.10) and possessing bookmaking instruments (Penal Law § 225.20), and on November 15, 1972, was sentenced in Supreme Court, Queens County, to serve concurrent indeterminate terms of 0–3 years on each count. The conviction was affirmed without opinion by the Appellate Division, People v. Cubicutti, 41 A.D.2d 1027, 344 N.Y.S.2d 993 (2d Dept. 1973), with leave to appeal to the Court of Appeals denied on September 13, 1973.

As previously discussed in the Court's memorandum-opinion of March 29, 1974,

a search warrant was issued on July 6, 1972, pursuant to an affidavit sworn by Patrolman Thomas Fitzgerald, relating to a gambling investigation he was conducting. The affidavit, consisting of four pages, recited that "a confidential gambling investigation" revealed that telephone number, AS 8–2983, was "being used for illegal gambling activities" and stated that the telephone number was listed at the address to be searched. Attached to the affidavit were transcripts of four calls which he placed to that number. These conversations were reproduced in the Appendix of the Court's previous decision.

According to testimony at the hearing conducted by this Court, the issuing magistrate did not interrogate the Patrolman about the contents of the affidavit and apparently had no information beyond that contained in the affidavit and the transcripts of the phone conversations.

On July 6, 1972, a search was conducted of the address listed for the telephone pursuant to the warrant. Upon entering, the police found petitioner, alone, along with betting paraphernalia, and he was placed under arrest.

Prior to trial, petitioner moved pursuant to C.P.L. Art. 710 for a hearing to vacate the search warrant and suppress the property seized. The motion was denied on October 4, 1972 in a one sentence order which read, "The motion papers do not allege a ground constituting legal basis for the motion, accordingly the motion is denied." Petitioner's affidavit in support of that motion alleged that "at no time on July 5 and 6 [the dates Patrolman Fitzgerald claimed to have placed the illegal bets] was the telephone in use within the premises described in said search warrant."

At the conclusion of the People's case, petitioner renewed his motion to suppress, which was denied by the trial judge from the bench: "Upon reconsideration and after a full hearing within the trial of this indictment and Officer Fitzgerald's testimony, the Court deter-

mines that there was probable cause for the issuance of this warrant; that everything in connection with this warrant was valid and constitutional; and that the defendant's rights were not violated at any time with respect to the warrant and the action taken under the warrant. Therefore, the Court adheres to its original decision denying the defendant's application to controvert the warrant."

Because the state court had held no separate suppression hearing and had made no concrete factual determination with regard to petitioner's allegations in his motion papers, this Court, finding factual matters unresolved by the state court, held an evidentiary hearing. 28 U.S.C. § 2254(d); La Vallee v. Delle Rose, 410 U.S. 690, 93 S.Ct. 1203, 35 L. Ed.2d 637 (1973); United States ex rel. Oliver v. Vincent, 498 F.2d 340, 344 (2 Cir. 1974).

Petitioner's allegations are two-fold, First, with respect to the search warrant he alleges that the warrant was issued without sufficient probable cause in that the officer did not know the reliability of informants who supplied the information concerning the phone; that the police officer could not have placed a bet during the third phone call as the game had already begun; and that at the times stated for the calls in the affidavit the phone was not in use. He urged further that the failure of the magistrate to inquire into the affidavit made his role that of a rubber stamp. Secondly, with respect to the suppression hearing he argues that the denial of a pre-trial hearing, as well as the use of the actual trial as the hearing on suppression, was violative of his Fourth Amendment rights under Simmons v. United States, 390 U.S. 377, 394, 88 S. Ct. 967, 19 L.Ed.2d 1247 (1968).

## PROBABLE CAUSE: ADEQUACY OF AFFIDAVIT

Petitioner raises two claims as to the sufficiency of the affidavit submitted to the magistrate. First, he claims it to be insufficiently precise as to the reliability of the informant and the actual inves-

tigation conducted independent of that informant. Second, he claims that the affidavit was perjurious in several material respects.

We deal first with the sufficiency of the patrolman's affidavit to sustain a finding of probable cause by the magistrate sufficient to issue the warrant. Patrolman Fitzgerald's affidavit contains a verbatim transcription of four separate telephone conversations that he had with the phone number in question. The telephone number had been turned over to him "as a result of a confidential gambling investigation." On the receipt of this number, the officer then conducted his own investigation so as to corroborate whether or not it was being used for illegal gambling activities.

It is conceded by respondent that Fitzgerald knew neither the reliability of the informant nor even the source of the information. Respondent does not, however, concede that the informant was unreliable, and submitted to the Court a post-hearing affidavit from a Special Agent of the F. B. I. attesting to the reliability of the informant and stating that the information from this informant was indeed passed on to Fitzgerald's superior, from whom he received the number, in June, 1972.

Fitzgerald thereupon placed four telephone calls over a period of two days. He phoned an actual bet on the third of these calls and petitioner so conceded in his affidavit in support of his original motion to suppress. The transcripts of these conversations revealed that the party speaking to Fitzgerald knew the baseball games to be played on a given day; knew the time of the games; knew whether or not they were rained out; knew the "line" on a given game; and would not give the line to "anyone," thereby raising the implication that this was a clandestine operation. Furthermore, in order to receive any information at all, Fitzgerald had to give the other party a code name.

■■ Probable cause is more readily found to support a warrant than to vali-

date a warrantless arrest or search. United States v. Ventresca, 380 U.S. 102, 106–107, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 110–111, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 270–271, 80 S.Ct. 725, 4 L. Ed.2d 697 (1960). Here, the plain fact revealed by the transcripts before the magistrate is that a bet had indeed been placed. This fact, coupled with the clandestine nomenclature used in conversation and the allegation that confidential gambling sources had revealed the illegal use of the phone—permitted by United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), although alone not sufficient, Aguilar v. Texas, *supra*—tends to place the phone calls within the ambit of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327 (1959). There the court upheld a search as based on probable cause when there was an after-the-fact confirmation of the tip. Thus, in this case, the tip became reliable by its lawful confirmation through the telephone conversations. United States v. Sultan, 463 F.2d 1066, 1068–1069 (2 Cir. 1972). These factors all coalesce, then, to have a proper basis for the magistrate to have concluded that there was sufficient probable cause to issue the warrant.

■ Moreover, the plurality opinion of the Supreme Court in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), lends support for the proposition that when an informer's tip is cursory, but the officer's own investigation, which he recounts in his own affidavit or by *ex parte* testimony before the magistrate, supplies the details necessary for a probable cause finding, a warrant may be issued. Clearly, the fact that a bet had actually been placed should be sufficient corroboration in and of itself. Certainly the fact that the information may have come from a hearsay source does not invalidate it. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964).

■ As for petitioner's allegations of perjury by the patrolman in his affidavit, petitioner in his original motion to suppress raised the claim that details of the affidavit were perjurious, in that the telephone was out of order during the time alleged by the patrolman, and that, moreover, he could not have placed a bet on a particular game after it had started. As this claim involves the veracity of the affiant rather than the mere sufficiency of the affidavit, this Court's inquiry is not necessarily restricted only to the information actually introduced to the magistrate. See United States v. Gonzalez, 488 F.2d 833 (2 Cir. 1973); United States v. Sultan, *supra*, 463 F.2d at 1070.

Petitioner testified at the hearing conducted in this Court. He offered no direct proof that the telephone was not in use on the dates in question, July 5 and 6, 1972. Furthermore, his testimony was riddled with inconsistencies. Witness his statement that he knew the phone was not in use but that he was not in the apartment on July 5 and that he had only arrived in the apartment an hour or so before the police on July 6. He further testified that he had gone to the apartment to buy "sweaters" from a "friend," who told him to wait there for him, and that he only observed the phone off the hook after the police arrived.

Telephone company records, admitted by stipulation, merely indicate that the phone was placed in service on May 24, 1972 and taken out of service on July 7, 1972 after the police raid. The records do not reveal, however, whether or not the phone was in use.

The patrolman's testimony indicated that he placed the phone calls at the time and places in question and that, upon arriving at the apartment, he replaced the receiver on the phone and that it began to ring almost immediately.

The only discrepancies that petitioner was able to raise were as to the time and place of one of the patrolman's calls and a rhetorical question of how it was possible to place a bet after a game had begun. While there is a discrepancy between the patrolman and his supervisor as to the time and location from which the July 6 phone call at 11:50 was made, it does not sufficiently refute the fact that a call was made and that the conversation transcribed occurred. The transcripts clearly substantiate that fact. Moreover, the testimony did not contradict the time or location respecting any of the other phone conversations.

As for the placing of the bet after the start of a game, I find that, given the patrolman's use of the proper gambling code and nomenclature and the transcripts of conversations, it was possible.

■ The petitioner has failed, therefore, to sustain his burden of proof by a fair preponderance of the credible evidence that any of the statements contained in the affidavit were materially perjurious. United States v. Gonzalez, *supra*, 488 F.2d at 837–838.

## DENIAL OF PRE–TRIAL SUPPRESSION HEARING

Petitioner alleges that the trial court's denial of a pre-trial suppression hearing on the basis of his allegations of perjury denied him due process and that the trial court's use of the trial as a suppression hearing, effectively denying him the right to testify with impunity, violated his Fourth Amendment rights under Simmons v. United States, *supra.*

Petitioner's affidavit in support of his motion to suppress did contain an allegation which raised an issue of fact as to the validity of the search warrant and therefore a hearing may have been properly required for its proper resolution. Certainly the New York courts have held that inquiry into an allegation of perjury in an affidavit for a warrant is proper. People v. Alfinito, 16 N.Y.2d 181, 264 N.Y.S.2d 243, 211 N.E.2d 644 (1965); People v. Cameron, 40 A.D.2d 1034, 339 N.Y.S.2d 12 (2d Dept. 1972).

Generally, however, the federal courts have shown reluctance to permit inquiry into the truthfulness of the facts underlying an affidavit which meets constitutional standards on its face, although there are exceptions. Rugendorf v. United States, *supra*; United States v. Suarez, 380 F.2d 713 (2 Cir. 1967).

 Nonetheless, existing authority uniformly requires a strong and substantial showing prior to the holding of a hearing on such question. There is no justification for allowing such a de novo trial of an issuing magistrate's determination as a routine step in every case. United States v. Gillette, 383 F.2d 843, 848 (2 Cir. 1967); United States v. Roth, 285 F.Supp. 364 (S.D.N.Y.1968); United States v. Halsey, 257 F.Supp. 1002 (S.D.N.Y.1966).

Indeed, this Circuit has concluded that a hearing was not in order without an initial showing of falsehood or other imposition on the magistrate. United States v. Dunnings, 425 F.2d 836 (2 Cir. 1969) (Friendly, C. J.).

Given the conclusory nature of the petitioner's affidavit in support of his motion for a hearing, it is indeed a close question as to whether it contained sufficient specificity to mandate a hearing in this court. I granted a hearing, nevertheless.

Pursuant to 28 U.S.C. § 2254(d) petitioner testified at the hearing and was able to present proof which he was not permitted to present in the state court. In the light of this Court's findings, *supra*, that he has failed to sustain his burden of proof as to any materially perjurious statements or lack of probable cause, it is clear that, while it may have been error for the trial court to deny him a hearing, the grant of a hearing would not have materially affected the outcome of the state proceeding. The denial of the hearing was harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

CONCLUSION:

Petitioner has failed to sustain his burden of proof by a fair preponderance of the credible evidence that the affidavit in support of the search warrant was either too vague or materially perjurious in any respect. The failure to accord him a pre-trial suppression hearing is, at most, harmless error in light of the failure of his proof on these issues. Accordingly, after reinstating the petition, it is dismissed.

It is so ordered.