■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUSSELL DI FIGLIA, Respondent.—Order unanimously reversed and motion to suppress denied. Memorandum: The memorandum decision of the county court held that Title 18 (§ 2516, subd [2]) of the United States Code did not authorize a State Supreme Court Justice to issue an eavesdropping warrant upon a misdemeanor offense. It was conceded that the search warrant depended for its validity on the validity of the eavesdropping warrant. The affidavit by Detective Bambach, in support of the application for the eavesdropping warrant, asserted that "he has probable cause to believe that the premises at 4949 Harlem Road, Snyder, New York, are being used for a bookmaking operation * * * conducted by one Russell DiFiglia * * * over telephone numbers 839-4154 and 839-4173, listed to Barbara Williams". The source of his information was from two informants, one of whom had proved reliable in the past, and from physical surveillance of defendant and the premises by members of the Buffalo and Amherst Police Departments. On August 23, 1972, Detective Dragonette, who recognized DiFiglia's voice, overheard a

telephone conversation by the informant, who placed two wagers with defendant. This affidavit was sufficient to find that gambling was being permitted, a designated crime for which a State may authorize the issuance of an eavesdropping warrant. The affidavit also contained sufficient information to sustain the Magistrate's finding of probable cause that illegal gambling was being committed in violation of section 225.05 of the Penal Law. The affidavit for a search warrant may be based on hearsay information, so long as the Magistrate is informed of some of the underlying circumstances supporting the affiant's conclusion that the informant was credible and reliable *(United States v Ventresca,* 380 US 102; *People v Lypka,* 36 NY2d 210). Appellant's main contention is that the order suppressing the evidence was improvidently issued because neither the New York State statute nor the Federal eavesdropping statute prohibits electronic surveillance to provide evidence of the designated offense of gambling, punishable as a misdemeanor. CPL 700.05 (subd 8, par [c]) specifically designated the crime of promoting gambling in the second degree (Penal Law, § 225.05), a misdemeanor offense, as a crime for which an eavesdropping warrant may issue. "Section 2516(2) provides that the principal prosecuting attorney of the State or any political subdivision thereof, if authorized by State statute, may apply for an order permitting the interception of communications 'when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling, robbery, bribery, extortion, or dealing in narcotic drugs, marihuana or other dangerous drugs, or other crime dangerous to life, limb, or property, and punishable by imprisonment for more than one year, designated in any applicable State statute authorizing such interception, or any conspiracy to commit any of the foregoing offenses.' Defendants contend that the clause 'and punishable by imprisonment for more than one year' limits all the listed offenses, and that the statute authorizes interceptions only in respect of felonious conduct." *(United States v Carubia,* 377 F Supp 1099, 1104.) The phrase "punishable by imprisonment for more than one year" as used in a statute permitting interception of communications when such interception may provide evidence of commission of, among other things, murder or other crimes dangerous to life, limb, or property, and punishable by imprisonment for more than one year (US Code, tit 18, § 2516, subd [2]), modifies only the catch-all category of "all other crimes"; thus, enumerated offenses such as gambling need not be felonies before wiretapping may be authorized. The statute was not simply aimed at major crimes *(United States v Carubia,* 377 F Supp 1099, *supra). People v Fusco* (75 Misc 2d 981) held that our State courts may authorize wiretapping to investigate violations of our laws against illegal gambling. Furthermore, Congress expressed an explicit intent not to preempt gambling enforcement from the States. In amending section 2516, a Congressional report reads: "Section 811.—This section makes explicit the intent of Congress that no provision of this title shall be understood to preempt the field of gambling regulation or to relieve any person of any obligation imposed by any law of any state or possession or a political subdivision." (1970, US Code, Cong & Admin News, p 4032) Congress has therefore made available to State enforcement officers the tool necessary to fight gambling by interception of wire communications. (Appeal from order of Erie County Court suppressing evidence.) Present—Marsh, P. J., Moule, Simons and Del Vecchio, JJ.