■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT BANKS, Respondent.—Order unanimously reversed, verdict reinstated and motion to dismiss indictment for failure to prosecute dismissed in accordance with the following memorandum: Defendant was convicted by a jury of criminal sale of a controlled substance in the third degree. During the trial he disagreed with his assigned counsel about the handling of the case, and he advised the court that he wished to testify to show that one of his witnesses had lied, and he wished to discharge his attorney. The court discussed the matter at length with defendant and advised him that he would harm his case if he took the stand to testify as he proposed. Defendant then told the court that he had decided not to testify and would permit his assigned counsel to conclude the case. Nevertheless, because of

the foregoing discussion, the court invited a motion for mistrial upon which the court would reserve decision, and this was done. After the verdict was received, this motion was renewed. In a memorandum decision the court granted the motion and ordered a new trial, but expressly noted that defendant's counsel "had tried the case skillfully." In its ruling the court made reference to no error committed in the course of the trial requiring the verdict to be set aside. It only adverted to defendant's disagreement with counsel, testifying in his own behalf and conducting the defense himself, and that the court talked him out of this course. We find no error in the course of the trial, and defendant points to none in support of the court's decision. Apparently the Trial Justice disagreed with the jury's assessment of the evidence, but that affords no ground for setting aside the verdict, and we conclude that the court abused its discretion is doing so. The order appealed from was entered on June 23, 1975. On the argument before us defendant moved for dismissal of the indictment for failure of the People to prosecute the appeal expeditiously (CPL 470.60, subd 1), and he also asked us to dismiss the indictment on the ground that it is over three years since the alleged crime was committed and, if we only affirm the order, defendant will have to go back for a retrial. CPL 470.60 (subd 1) authorizing this court to dismiss an appeal for lack of prosecution, is designed to aid the court in controlling its calendar. It is not akin to the statutory provisions authorizing a defendant to move for dismissal of an indictment for failure of the People to accord him a speedy trial (cf. CPL 30.20, 30.30, 170.30, subd 1; 255.20), which motion must be made before trial or at least before entry of judgment. Since this appeal had been perfected and was ready for argument when defendant made his motion, as a matter of discretion the motion is denied. This disposition is make without prejudice to any motion relating to delay which defendant may choose to make at Trial Term before sentence is imposed. (Appeal from order of Erie Supreme Court—motion for new trial.) Present—Marsh, P. J., Hancock, Denman, Goldman and Witmer, JJ.