■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN C. BOGDAN, Respondent.—Order unanimously reversed, and motion denied. Memorandum: The People appeal from an order which suppressed as evidence certain gambling records and paraphernalia seized pursuant to a search warrant and upon which the defendant was charged with possession of gambling records in the first degree (Penal Law, § 225.20, subd 1). The affidavit in support of the search warrant described telephone calls pertaining to gambling which were received by the defendant at premises described as 113 Sweet Avenue in the City of Buffalo, and which were intercepted by the police pursuant to a previously issued eavesdrop order. Based upon these telephone conversations, the affidavit stated that there was reasonable cause to believe that the entire premises at 113 Sweet Avenue were being used by the defendant for the promotion of illegal gambling. The premises to be searched were described as a one and a half story wood frame house consisting of front and rear apartments. The warrant ordered a search of the entire premises at 113 Sweet Avenue. The court granted the defendant's motion to suppress the seized evidence, holding that an eavesdrop warrant may not issue for the purpose of obtaining evidence of the commission of the crime of gambling as a misdemeanor. The court's decision, however, preceded our determination in *People v Di Figlia* (50 AD2d 709) wherein we interpreted the controlling Federal statute (US Code, tit 18, § 2516, subd [2]) as authorizing wiretap warrants in the investigation of misdemeanor gambling. Thus, the eavesdrop warrant here was lawfully issued for the purpose of investigating gambling in the second degree (Penal Law, § 225.05) and other crimes. Additionally, the court found that the search warrant was overbroad in that the premises at 113 Sweet Avenue were described as consisting of front and rear apartments. We find, however, that the warrant authorizing a search of the entire premises was clearly supported in the underlying affidavit. It was alleged that the house located at 113 Sweet Avenue was the home of the defendant; that the premises were being used by the defendant for the promotion and advancement of illegal gambling; that it was reasonable to believe that books and records maintained for the purposes of promoting and advancing illegal gambling activity would be

found on the premises and that the premises were occupied by the defendant. The attorney's affidavit in support of the motion to suppress contains no factual allegation contrary to those set forth in the affidavit in support of the search warrant. At oral argument on the suppression motion, it was suggested that one Clifton Young occupied a portion of the premises at 113 Sweet Avenue. The issue here, however, is not whether the defendant was the sole occupant of 113 Sweet Avenue, but rather, whether there was probable cause to search the entire premises. Such probable cause was established in the affidavit and remains uncontroverted (see *People v Di Stefano,* 38 NY2d 640, 652; *People v Alfinito,* 16 NY2d 181, 186; *People v Cameron,* 44 AD2d 355, cert den 419 US 1049). The search warrant was sufficiently particular in describing the premises to be searched, and it was improper to suppress the evidence of gambling seized pursuant to the execution of the warrant. Defendant's reliance upon *People v Rainey* (14 NY2d 35) is misplaced. In *Rainey,* the police knew that the building to be searched contained two separate apartments and that one of those apartments was occupied by an innocent woman and her infant daughter. They failed to reveal those facts to the court issuing the warrant, and in executing the warrant, they searched the entire building. Here, the affidavit clearly revealed that the premises consisted of two apartments and its allegations sufficiently established probable cause for a search of the entire building. Finally, the defendant argues that he has been denied a speedy trial as required by the Criminal Procedure Law (CPL 30.20, 30.30). The notice of appeal herein was filed on February 11, 1975 but the People did not file a brief until May 26, 1977. The defendant contends that such a delay far exceeds the statutorily permissible "reasonable period" to be excluded from the computation of time within which the People must be ready for trial (CPL 30.30, subd 4, par [a]). In the context in which it is presented, the issue is not properly raised for the first time on appeal. We are not confronted with a motion to dismiss the appeal for failure of prosecution (CPL 470.60, subd 1). This disposition, of course, does not foreclose the defendant from making an appropriate pretrial motion relating to delay (see *People v Banks,* 59 AD2d 649). (Appeal from order of Erie Supreme Court—suppression.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.