**LOCKPORT NON FERROUS CASTING, INC., Plaintiff,**

**v.**

**Ray MARSHALL, Secretary of Labor of the United States of America, in his official capacity, P. Charles Schwender, Area Director for New York of the Occupational Safety and Health Administration, an agency of the United States Department of Labor, in his official capacity, and Edward S. King, United States Marshal, in his official capacity, Defendants.**

**No. Civ. 77–552.**

United States District Court, W. D. New York.

Dec. 8, 1977.

Morley C. Townsend, Stephen C. Townsend, Townsend & Townsend, Buffalo, N.Y., for plaintiff.

Jack R. Fisher, New York City, of counsel to Francis V. LaRuffa, Regional Sol., U.S. Dept. of Labor, New York City, for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff has filed a complaint alleging that Section 8(a) of the Occupational Safety and Health Act of 1970 ("OSHA"), as amended, 29 U.S.C. § 657(a), violates the Fourth Amendment's provisions against unreasonable searches and seizures by purporting to authorize the Secretary of Labor ("the Secretary") to enter a place of employment without delay and to conduct a general search and inspection without first obtaining a duly authorized search warrant. It is alleged that on April 1, 1977 plaintiff refused OSHA inspectors permission to search its business premises because they did not have a search warrant. The Secretary thereafter obtained a search warrant October 3, 1977 from the Honorable Edmund F. Maxwell, United States Magistrate. Plaintiff again refused the OSHA inspectors, thus armed, entry to its premises October 5, 1977. A temporary restraining order was entered October 7, 1977 restraining the Secretary from enforcing 29 U.S.C. § 657(a) and the search warrant. Plaintiff has moved for a preliminary injunction against enforcement of section 657(a) alleging that such statutory provision is unconstitutional on its face because it does not require the Secretary to obtain a search warrant prior to conducting an OSHA inspection and has moved to quash the warrant alleging that the Magistrate lacked statutory authority to issue inspection warrants. The Secretary opposes both the constitutional challenge (including the requested preliminary relief)[1] and the motion to quash.

A plaintiff seeking a preliminary injunction has a heavy burden to show clearly the threat of irreparable harm and either probable success on the merits or sufficiently serious litigable questions going to the merits and a balance of hardships tipping decidedly in its favor. *State of New York v. Nuclear Reg. Com'n*, 550 F.2d 745 (2d Cir. 1977); *Triebwasser & Katz v. American Tel. & Tel. Co.*, 535 F.2d 1356 (2d Cir. 1976). The bottom line prerequisite for preliminary relief—possible irreparable harm—has been met. The violation of plaintiff's rights under the Fourth Amendment to the

---

1. The Secretary throughout his memorandum of law erroneously argues in opposition to entry of a temporary restraining order, rather than a preliminary injunction. *See*, Fed.R. Civ.P. rule 65. The issuance of a temporary restraining order can be premised upon an *ex parte* application to the court, and in the instant case such order was entered solely upon plaintiff's application. Such a restraining order is of temporary duration with a maximum time span of twenty days, and the restraining order in the instant action expired October 19, 1977. Although legally incorrect in its draftsmanship, the Secretary's memorandum of law has been read as opposing the entry of a preliminary injunction.

United States Constitution to be free from unreasonable searches and seizures would result in irreparable harm warranting preliminary injunctive relief in appropriate circumstances. Whether plaintiff has satisfied the second prong of the test for preliminary relief—probable success on the merits—requires greater analysis.

The first case to address the issue whether 29 U.S.C. § 657(a) authorizes warrantless entries and inspections, *Brennan v. Buckeye Industries, Inc.*, 374 F.Supp. 1350 (S.D.Ga. 1974), held that such statutory provision was constitutional and authorized warrantless administrative inspections. This is the only reported case upholding warrantless nonconsensual inspections under 29 U.S.C. § 657(a), but it was decided prior to *Air Pollution Variance Board v. Western Alfalfa Corp.*, 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974), and did not mention *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). In *Brennan v. Gibson's Products, Inc. of Plano*, 407 F.Supp. 154 (E.D.Tex.1976) (three-judge panel), and *Dunlop v. Hertzler Enterprises, Inc.*, 418 F.Supp. 627 (D.N. Mex.1976) (three-judge panel), both opinions interpreted 29 U.S.C. § 657(a) as requiring a search warrant and under that construction of the statute upheld its constitutionality. The courts noted that the term "without delay" in such section was not equivalent to "without a warrant" and held that Congress intended to authorize nonconsensual OSHA inspections only when conducted pursuant to a search warrant duly issued by a United States magistrate or other judicial officer under probable cause standards appropriate to administrative searches. It should be noted that in *Hertzler Enterprises*, the magistrate issued a search warrant upon request without a showing of probable cause and the court for that reason permanently enjoined the Secretary from making a nonconsensual entry and inspection under the purported authority of such warrant.

A third three-judge panel in *Barlow's, Inc. v. Usery*, 424 F.Supp. 437 (D.Idaho 1976), *prob. juris. noted sub nom., Marshall v. Barlow's, Inc.*, 430 U.S. 964, 97 S.Ct. 1642, 52 L.Ed.2d 354,[2] disagreed with the approach taken by the two previous panels and declined to redraft judicially 29 U.S.C. § 657(a) as mandating that inspections only be made pursuant to a duly authorized search warrant. The court held that 29 U.S.C. § 657(a) was facially unconstitutional and violative of the Fourth Amendment's proscription against unreasonable searches because it authorized warrantless searches. In a subsequent case, *Empire Steel Mfg. Co. v. Marshall*, 437 F.Supp. 873 (D.Mont.1977), the court distinguished the holding in *Barlow's* and upheld an administrative search conducted pursuant to 29 U.S.C. § 657(a) because the Secretary had first obtained a valid search warrant from a United States magistrate upon a showing of probable cause.

Based upon these precedents, it appears that 29 U.S.C. § 657(a) would be unconstitutional unless it is construed to require the Secretary to obtain a search warrant from a United States magistrate or other appropriate judicial officer upon a showing of probable cause sufficient for administrative searches. A court should construe a Congressional act, if such construction would be reasonable and consistent with its legislative purpose, in a manner which would avoid constitutional infirmity. *United States v. Thirty-Seven Photographs*, 402 U.S. 363, 369, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971); *Schneider v. Smith*, 390 U.S. 17, 27, 88 S.Ct. 682, 19 L.Ed.2d 799 (1968); *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 348, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); *Crowell v. Benson*, 285 U.S. 22, 62, 52 S.Ct. 285, 76 L.Ed. 598 (1932). Mindful of this cardinal principle, I construe 29 U.S.C. § 657(a) to require the Secretary prior to conducting a nonconsensual inspection to obtain a search warrant from a duly authorized judicial officer upon an appropriate showing of probable cause. Under this construction, I find 29 U.S.C. § 657(a) to be constitutionally valid.

2. The United States Supreme Court will hear this case during its current term.

A United States magistrate has statutory power pursuant to 28 U.S.C. § 636(a)(1) to issue search warrants authorizing OSHA inspections. *Brennan v. Gibson's Products, Inc. of Plano, supra,* at 162. Thus, plaintiff's contention to the contrary is not well taken. In addition, on a motion to quash a search warrant, the movant has the burden of showing a lack of probable cause. *United States v. Jones,* 518 F.2d 384 (7th Cir. 1975); *United States v. Gonzalez,* 488 F.2d 833 (2d Cir. 1973); *United States ex rel. Cubicutti v. Vincent,* 383 F.Supp. 662 (S.D.N.Y.1974). In the instant case, plaintiff has not offered any proof and does not otherwise contend that there was a lack of probable cause upon which to issue the search warrant now sought to be quashed. Plaintiff has thus failed to carry its burden.

It is therefore hereby

ORDERED that plaintiff's motion to quash the instant search warrant is denied; and it is further

ORDERED that plaintiff's motion for a preliminary injunction is denied.