**Edith CAMERON et al., Petitioners,**

v.

**Jerald HECT et al., Respondents.**

**No. 77 C 346.**

United States District Court,
E. D. New York.

Feb. 23, 1978.

---

Diller, Schmukler & Asness, New York City, for petitioners.

Louis J. Lefkowitz, Atty. Gen., New York City (Lillian Z. Cohen, Asst. Atty. Gen., New York City, of counsel), for respondents.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioners seek a writ of habeas corpus attacking a judgment of the Queens County Supreme Court entered May 15, 1972, upon petitioners' pleas of guilty to various crimes charged. Petitioners pled guilty after the trial court had denied their motions to suppress certain evidence seized pursuant to search warrants.

In support of their motion to suppress, petitioners submitted an affidavit stating that upon information and belief, Patrolman Lucido Bonino (who had conducted the investigation into petitioners' alleged criminal activities, filed the application for a search warrant, supervised the search itself, filed the return on the warrant, and turned the property seized over to the police property clerk) had been subpoenaed to testify before a federal grand jury in connection with his investigation into petitioners' alleged criminal activities and had invoked his Fifth Amendment privilege against self-incrimination, giving rise to ground to suspect that his affidavit supporting the search warrant contained perjury.

On direct appeal, the Appellate Division, though holding that the affidavit, if it did not contain perjury, was sufficient to support the warrant and noting that petitioners' asserted ground for suspicion of perjury in the affidavit was tenuous at best, reversed the trial court's denial of petitioners' motion to suppress, and remanded for a hearing on the question of perjury. The Appellate Division noted that petitioners would have the burden of proving that Bonino had perjured himself, citing *People v. Alfinito,* 16 N.Y.2d 181, 264 N.Y.S.2d 243, 211 N.E.2d 644 (1965). *People v. Cameron et al.,* 40 A.D.2d 1034, 339 N.Y.S.2d 12 (1972).

At the hearing, petitioners' counsel called Patrolman Bonino to the stand, questioned him extensively on his observations which he had set out in his affidavit, and, in what was apparently an attempt to show that Bonino was motivated to falsify the affidavit by a desire to seize property for his own

personal gain, asked whether Bonino had in fact turned over all of the property seized to the property clerk. Although Bonino had testified fully as to his investigation into petitioners' alleged criminal activities and as to the matters stated in the affidavit, he refused to answer the questions whether he had turned all of the property seized over to the property clerk, invoking his Fifth Amendment privilege. (Tr. 35, 36, 37, 38, 40, 41.) Two of the petitioners took the stand and testified to certain occurrences on the days when Patrolman Bonino was conducting his investigation; their testimony contradicted to a certain extent matters stated in his affidavit. In addition, petitioners called an expert on gambling operations who testified that it was unlikely that gambling operations would have occurred at the time of day set down by Bonino in his affidavit. According to respondents' affidavit, there was another police officer available who could testify to the truth of the matters asserted by Bonino in the affidavit, but petitioners did not call him to the stand. There was a cryptic statement by petitioners' counsel in response to Justice Brennan's inquiry as to whether petitioners' counsel wished to call the other officer. Petitioners' counsel stated "I do [wish to call him], but I am not going to call him." (Tr. 70–71.)

In his memorandum and order of August 14, 1973, Justice Brennan carefully reviewed the testimony adduced at the hearing. He declined to accept petitioners' invitation to construe Patrolman Bonino's invocation of his privilege as an admission of perjury in the affidavit, and held that the testimony of the other three witnesses was not adequate to meet the burden of proof placed on petitioners by *Alfinito, supra.* The motion to suppress was again denied, and this time it was affirmed on appeal. *People v. Cameron et al.,* 44 A.D.2d 355, 355 N.Y.S.2d 19, *cert. denied* 419 U.S. 1049, 95 S.Ct. 624, 42 L.Ed.2d 643 (1974).

Petitioners then filed in this court their first petition for a writ of habeas corpus, arguing that they were convicted in violation of the Fourth, Sixth, and Fourteenth Amendments in that Patrolman Bonino's invocation of his Fifth Amendment rights deprived petitioners of their right to test the truth of the matters asserted in the affidavit supporting the search warrant. Judge Bruchausen reached the merits and denied the petition. However, the Second Circuit vacated that part of Judge Bruchausen's order which dealt with the Sixth Amendment claim, noting that this claim had not been presented to the state courts, and holding that petitioners must first seek post-conviction relief in the state courts. *Cameron v. Fastoff,* 543 F.2d 971 (2nd Cir. 1976). Subsequently in state court, petitioners' motion to vacate under N.Y. CPL § 440.10 was denied on the ground that petitioners were guilty of "an unjustifiable failure to raise [the constitutional issue] upon an appeal actually perfected by him." § 440.10(2)(c). Leave to appeal to the Appellate Division and to the Court of Appeals was denied.

This is then the second petition for a writ of habeas corpus. Initially I must state that I have serious doubts whether, in the light of the recent Supreme Court decision in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), I should reach the merits of this petition in view of petitioners' failure to raise in the state courts the constitutional issues they now seek to raise here.

In *Wainwright, supra,* a convicted petitioner had not complied with the state procedural rule requiring a contemporaneous objection to the admission at trial of evidence, there a confession allegedly coerced and taken in violation of the rules of *Miranda v. State of Ariz.,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court held that the failure to object in timely fashion constituted a bar which foreclosed habeas corpus review, at least in the absence of a showing of "cause" and "prejudice." And on the facts of the case before it, the Court held that no adequate showing of cause and prejudice had been made.

The present case involves failure to raise a constitutional issue at a hearing and on direct appeal, rather than a failure to

make a contemporaneous objection to the admission of testimony at a trial. Even so, the rationale of the *Wainwright* case, which affords a great deal of respect to state procedural rules in criminal cases, is in part applicable to the facts of this case. However, since the holding in *Wainwright* is limited to the facts there presented, 433 U.S. 72, 97 S.Ct. 2507, n.12, and since the "prejudice" question would in any event seem to require some examination of the merits of the claim presented, I decline to hold that petitioners' failure to raise their claims before the hearing court bars habeas corpus review, and I proceed directly to the merits.

■ Petitioners claim that Officer Bonino's invocation of his Fifth Amendment privilege deprived them of their ability to demonstrate perjury in the affidavit, and this resulted in a violation of their Sixth Amendment right of confrontation. Even assuming that petitioners had a constitutional right to test the truthfulness of the matters asserted in the affidavit (but cf. *North Carolina v. Wrenn,* 417 U.S. 973, 975, 94 S.Ct. 3180, 41 L.Ed.2d 1144 (1974) (dissent by Mr. Justice White from the denial of the petition for a writ of certiorari)), it is clear that on the facts of this case petitioners were afforded ample opportunity to put the affidavit to the test. First and foremost, I note, as did the state courts, that Officer Bonino's "refusals to answer dealt with occurrences which took place *after* the seizure under the warrant; *none of them dealt with the truthfulness of the affidavit upon which the warrant was obtained.* The record is crystal clear that he was examined in great detail about the contents of his affidavit and answered every question asked him with respect to that." *People v. Cameron, supra,* 355 N.Y.S.2d at 20–21 (emphasis in original). Although not directly on point, the decision in *United States v. Cardillo,* 316 F.2d 606 (2d Cir.), *cert. denied* 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963) lays down a guideline for the present case. In *Cardillo* the court was presented with the question whether the invocation by the government's witness of his Fifth Amendment privilege deprived the defendant in a criminal trial of his Sixth Amendment right of confrontation. The court said:

"Since the right to cross-examine is guaranteed by the Constitution, a federal conviction will be reversed if the cross-examination of government witnesses has been unreasonably limited. However, reversal need not result from every limitation of permissible cross-examination and a witness' testimony may, in some cases, be used against a defendant, even though the witness invokes his privilege against self-incrimination during cross-examination. In determining whether the testimony of a witness who invokes the privilege against self-incrimination during cross-examination may be used against the defendant, a distinction must be drawn between cases in which the assertion of the privilege merely precludes inquiry into collateral matters which bear only on the credibility of the witness and those cases in which the assertion of the privilege prevents inquiry into matters about which the witness testified on direct examination. Where the privilege has been invoked as to purely collateral matters, there is little danger or prejudice to the defendant and, therefore, the witness's testimony may be used against him." 316 F.2d at 611 (citations omitted).

In the present case Officer Bonino's invocation of his privilege foreclosed inquiry only as to a matter bearing on credibility.

And secondly, petitioners, by failing to accept Justice Brennan's suggestion to call the other police officer, failed to avail themselves of another possible mode of attacking the truthfulness of the affidavit.

Under all of the circumstances, it cannot be said that petitioners were unconstitutionally denied an opportunity to test the truthfulness of the affidavit.

The petition is denied. So ordered.