■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO MALDONADO, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered February 3, 1987, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

As the defendant and an accomplice carried a television and a videocassette recorder from a home they had just burglarized, they were spotted by a neighbor of the victim. The neighbor drove up to the defendant, who dropped the television and turned and looked at him before running into the woods.

The defendant contends that the People did not prove his identity as one of the burglars. However, the neighbor testified that he had seen the defendant on several occasions prior to the incident, an acquaintance of the defendant saw the defendant emerge from the woods soon after the crime, and the defendant's companion admitted committing the crime and testified against the defendant. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also claims that the neighbor's in-court identification should have been suppressed because it was the product of a suggestive photo array and suggestive lineups. The hearing court properly suppressed the evidence of the lineups, since the defendant is a light complexioned Hispanic and all of the stand-ins were black. However, the photo array, which was received in evidence at the hearing, was not suggestive.

In addition, as noted previously, the neighbor testified that he recognized the defendant because he had seen him walking on his street several times before the burglary. Therefore, the

hearing court properly found that the neighbor had an independent basis upon which to make his in-court identification *(see, People v Bennett,* 30 NY2d 283, 286-287, *rearg denied* 31 NY2d 709; *People v Oakley,* 28 NY2d 309, 312).

We find the defendant's request to waive the mandatory surcharge to be premature *(see, People v West,* 124 Misc 2d 622; *People v Smallwood,* 140 AD2d 646).

We have considered the defendant's remaining contentions and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.