Chief Judge Desmond.
In this prosecution for alleged violations of sections 974, 974-a and 975 of the Penal Law (policy gambling), the New York City Criminal Court granted defendant’s pretrial motion for suppression of evidence alleged by defendant to have been procured through an unlawful search. The People appealed to the Appellate Term, arguing that the Criminal Court should not have permitted defendant to attack the validity of a search, made pursuant to a warrant, by challenging the truthfulness of the factual statements in the affi *184 davit on which the search warrant had been issued. Although this point apparently was not made or suggested at the Criminal Court hearing, the question is one of. such large importance that we must deal with it.
The Appellate Term reversed the Criminal Court order and directed a new hearing because the Criminal Court had made no findings of fact. The Appellate Term, citing decisions to which we will refer herein, indicated that in deciding such a motion there must be a statement of the facts on which the court relies for its decision.
Both the People and the defendant appeal to this court. The People argue that one who attacks a seizure made under a search warrant may question the sufficiency of the averments on which the warrant issued, or other illegality of the warrant or the search, but cannot be permitted to try out the truth of those supporting allegations. Defendant disputes this. As to the supposed absence of necessary findings, defendant suggests that we hold this appeal and send the case back for such findings.
The People say that probable cause for the issuance of a search warrant is to be determined by the issuing Judge solely from the statement of facts in the affidavit and that after the warrant has been issued those facts can no longer be controverted. In his affidavit in support of the search warrant in this instance, a police officer had recited that he had gotten information from a confidential informant who in the past had proven reliable, that the informer stated he had placed bets with defendant in a certain apartment in the Bronx and had there seen others placing similar bets with the defendant, that on a certain day and at a certain time the officer himself saw eight persons approach the apartment door and on each occasion the defendant answered the door, that six of those persons had short conversations with the defendant and handed him slips of paper and money, that two persons had conversations with the defendant and handed him money and that on two occasions the officer saw defendant write on a pad, that on the next day the officer saw similar transactions of 10 persons with defendant at the same place and that police records showed that defendant had five previous arrests and one conviction for policy violations. At the hearing of the motion the police officer again swore to the same facts. However, the defendant’s wife and another witness testified that *185 defendant was not at the apartment at any of the times testified to by the police officer. The motion was granted by the Criminal Court “ on the grounds of a sharp conflict of testimony existing in creating a doubt, which must be resolved in favor of the defendant.” That seems to mean that a search warrant must be quashed on motion whenever there is sworn testimony disputing the basic allegations on which it was granted. Such a holding would clearly be wrong but the question remains as to the correct rule for decision on such a motion — that is, is it permissible, and has the person against whom the search warrant was executed a right to try out the issue of truthfulness of the sworn assertions of fact on which the warrant issued?
There is no controlling authority in this State although perhaps People ex rel. Simpson Co. v. Kempner (208 N. Y. 16, 23) can be read as authorizing a later contest of the facts which were before the Magistrate when he signed the warrant. In other jurisdictions there are decisions both ways. Some say that there is no authority for going behind the warrant (Johnson v. State, 163 Tex. Cr. Rep. 101; Armstrong v. State, 195 Miss. 300; Burrell v. State, 207 Md. 278; United States v. Brunett, 53 F. 2d 219, 225; Kenney v. United States, 157 F. 2d 442). Holding or suggesting the contrary are such decisions as United States v. Nagle (34 F. 2d 952) and King v. United States (282 F. 2d 398). In Rugendorf v. United States (376 U. S. 528, 532) the Supreme Court seems to assume, although not to hold, that such an attack on the underlying affidavit may be made. Our comparatively new statutes (Code Crim. Pro., §§ 813-c, 813-d, 813-e), which set up procedures for motions for the return of property and suppression of evidence alleged to have been obtained by unlawful search and seizure, do not specifically answer our question since their rather general language as to “unlawful search and seizure” and “property” claimed to have been ‘ ‘ unlawfully obtained ’ ’ does not tell us whether it was intended to permit, on such a motion, a new inquiry into the facts set out in the affidavit for the search warrant.
Modern thought which produced the decision in Mapp v. Ohio (367 U. S. 643) would make incongruous any holding that a search warrant is beyond attack even on proof that the allegations on which it was based were perjured. Our duty is to fashion a rule which will prevent such a violation of the citizen’s *186 rights and at the same time avoid creating a situation where overstrict rules would invalidate numerous warrants simply because witnesses can later be found to swear to the opposite of what the officer swore when he procured the warrant. We hold as follows: first, that section 813-c of the Code of Criminal Procedure is to be construed so as to permit an inquiry as to whether the affidavit’s statements were perjurious; second, that the burden of proof is on the person attacking the warrant (see United States v. Goodwin, 1 F. 2d 36; United States v. Napela, 28 F. 2d 898), and third, that any fair doubt arising from the testimony at the suppressal hearing as to whether the affidavit’s allegations were perjurious should be resolved in favor of the warrant since those allegations have already been examined by a judicial officer in issuing a warrant.
As to the supposed lack of adequate findings (the ground on which a new trial was ordered below as matter of law) there is no strict rule of law that a decision on such a motion must always be accompanied by express findings. In many instances such as the present one the issue is so narrow that granting or denying the motion sufficiently implies the findings. Of course, in any appropriate situation the appellate court may remit for additional findings, and this is the meaning of People v. Lombardi (18 A D 2d 177, affd. 13 N Y 2d 1014) and People v. Lopez (19 AD 2d 809).
There must, therefore, be a new hearing not for the purpose of making findings but to determine the underlying issue of fact pursuant to the rules above indicated.
The orders, accordingly, should be affirmed.
Judges Dye, Fuld, Yaw Yoorttir, Burke, Scileppi and Bergan concur.
Orders affirmed.