505 P.2d 856

STATE of New Mexico, Plaintiff-Appellee,

v.

Joe Carlos L. BACA, Defendant-Appellant.

No. 984.

Court of Appeals of New Mexico.

Jan. 5, 1973.

Thomas E. Horn, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The defendant was convicted by a jury and sentenced for unlawful possession of more than one ounce of marijuana under §§ 54–9–1 through 54–9–4, N.M.S.A.1953 (2d Repl. Vol. 8, pt. 2, Supp.1971). Defendant appeals.

We affirm.

The defendant asserts three points in his appeal: (1) the search warrant used was not based on probable cause; (2) the trial court erred in its refusal to order disclo-

sure of the identity of the confidential informant; and (3) statements made by the sentencing judge were improper and prejudicial to the defendant.

(1) *The search warrant was based on probable cause.*

On November 7, 1971 an affidavit was executed by the Albuquerque Police Department stating in part as follows:

"Detectives of the Narcotics Section, City of Albuquerque, have conducted a surveillance at 524 Atlantic Southwest, both during the day and night time and have observed a large amount of traffic going to and from this house. Subjects entered the house and stay a short while and then leave. Within the last week a confidential informant was issued money and searched to determine if he had any other money or narcotics on his person and was found to have neither. This informant was then placed under surveillance and was observed to enter the house at 524 Atlantic Southwest and after staying for a short time was observed to leave the house and was kept under surveillance until he returned to officers' vehicle. Informant related that he purchased quantity of marijuana from subject Boy Baca and further related that he observed a large quantity of marijuana in the attic. Officers tested the suspected marijuana and found it to test positive for marijuana. This informant has provided officers with reliable information in the past which has resulted in the arrest of subjects involved in narcotics traffic. This residence is located within the State of New Mexico, County of Bernalillo and City limits of Albuquerque, New Mexico. * * *"

On the basis of this affidavit, District Judge Maloney issued a search warrant. Later on the grand jury indicted the defendant. He was arrested, tried, and convicted. Defendant admits that the affidavit and search warrant were valid on their face. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); State v. McAdams, 83 N.M. 544, 494 P.2d 622 (Ct. App.1972); State v. Mireles, 84 N.M. 146, 500 P.2d 431 (Ct.App.1972).

At a pretrial hearing on defendant's motion to suppress, evidence was received from defendant that no one had come to the house for the purpose of purchasing marijuana and that he had not sold marijuana during the time he had lived at the house identified in the affidavit. Defendant asserts this testimony is uncontradicted and establishes the falsity of the following sentence in the affidavit: "Informant related that he purchased quantity of marijuana from subject Boy Baca. * * *" Defendant asserts that he had a right to challenge the truthfulness of the allegations in the affidavit and having shown that one of the allegations was false, that the evidence seized pursuant to the warrant should have been suppressed.

State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969) held that evidence adduced at a hearing on a motion to suppress could not be used to augment an otherwise defective affidavit. The converse situation with which we are concerned has not been decided in New Mexico. Nor has it been decided by the United States Supreme Court. Rugendorf v. United States, supra.

Some states do not permit an inquiry into the truthfulness of the allegations in the affidavit. Tucker v. State, 244 Md. 488, 224 A.2d 111 (Ct.App.1966); Gaddis v. State, 447 P.2d 42 (Okl.Cr.1968); Owens v. State, 217 Tenn. 544, 399 S.W.2d 507 (1965); Jackson v. State, 365 S.W.2d 935 (Tex.Cr.App.1963). Footnote 4 in King v. United States, 282 F.2d 398 (4th Cir. 1960) suggests a majority of states prohibit an attack on the truthfulness of the facts alleged in the affidavit.

In California, such an attack has been held to be authorized by statute. People v. Butler, 64 Cal.2d 842, 52 Cal.Rptr. 4, 415 P.2d 819 (1966). Attacks in federal courts have been held to be authorized by the fed-

eral rules of criminal procedure. Chin Kay v. United States, 311 F.2d 317 (9th Cir. 1962); King v. United States, supra.

Without referring directly to an authorizing statute or rule, an attack on the truthfulness of the allegations in the affidavit has been permitted where there is an initial showing of falsehood or other imposition on the judicial official issuing the warrant, United States v. Dunnings, 425 F.2d 836 (2nd Cir. 1969), and where there is a claim that the allegations in the affidavit are perjurious. People v. Alfinito, 16 N.Y.2d 181, 264 N.Y.S.2d 243, 211 N.E. 2d 644 (1965).

■ Although we incline to the view that an attack is permissible if the claim is that the allegations are perjurious, we do not decide the question of when attacks should be allowed. Whenever other jurisdictions have allowed an attack, it has been directed to the truthfulness of the affiant's allegations. In this case, defendant did not attack the truthfulness of the statements made by the officers who signed the affidavit; the attack was on the truthfulness of the information the officers received from an informer. Further, whatever the proper basis for an attack, the burden of proof is on the defendant. People v. Alfinito, supra. All that defendant could have proved in this case was that he did not sell marijuana at the house that was searched. Removing that allegation from the affidavit, a showing of probable cause remains which has not been attacked. Chin Kay v. United States supra.

■ Thus even assuming an attack was permissible in this case, and that the attack made was on a proper basis, the attack was insufficient because it was not directed to allegations which, in themselves, were a sufficient showing of probable cause. The motion to suppress was properly denied.

(2) *The trial court did not err in refusing to allow the identity of the confidential informant.*

In his second point of appeal, the defendant claims that the trial court erred in refusing his request to order the disclosure of the identity of the confidential informant which led to the search warrant. We cannot agree with the defendant on this point.

■ There is no fixed rule with respect to disclosure of the identity of an informant. There is to be a balancing of the public interest in protecting the flow of information against an individual's right to prepare his defense. The crime charged, possible defenses and possible significance of the informer's testimony are to be considered. Roviaro v. United States, 353 U. S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

In United States v. Ramos, 380 F.2d 717 (2d Cir. 1967), it is stated that the problem of when an informer need be produced as a witness is a troublesome question but the case presented facts which lessened the difficulty. Similar facts are also present in the case at bar. The court refused to require the informer to testify and stated as follows:

" * * * The search was pursuant to a warrant issued by a magistrate; he, not the agents, was the arbiter of probable cause, * * *. The informer's testimony would have related only to the legality of a search revealing evidence, not to the ultimate question of guilt or innocence. * * * "

In State v. Rodriguez, 84 N.M. 60, 499 P.2d 378 (Ct.App.1972), where there was no showing of prejudice to the defendant or how it might help him to know the name of the informer, this court stated as follows:

" * * * Failing a showing by defendant that the informer's testimony was highly material to his defense a disclosure is not required. * * * "

See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

■ Defendant attempted to show only that the allegations as to the sale of marijuana were false and apparently sought informant's testimony as to truth of the sale. This was not a defense to possession of

marijuana even if proven. Thus, the defendant in no way showed the court below how the testimony of the informant would have aided his defense. It was even testified by the defendant that he lived at the address where the search warrant was directed to. Thus, there was no substantial prejudice established by the defendant by non-disclosure of the identity of the confidential informant.

(3) *The trial court did not err in any statements which might have been made at time of sentencing.*

In his final point of appeal, defendant alleges that the trial judge erred in making the following statements at sentencing:

"THE COURT: And you had it in your possession at the time of your arrest, thirty-eight pounds of marijuana. Now, the only people that have that kind of drug in their possession are people that are selling it, pushing it, and that puts you in a different category, Mr. Baca. You see, you are not just a user, you are also a pusher, and that is what makes your problem different and your category different.

"Not only are you abusing yourself, but you are abusing the society in which you live by preying on the weakness of others for gain or profit, and for that reason I cannot—"

Defendant stated that he had cut the marijuana from a wild-growing field in Kansas and had brought it to Albuquerque to exchange for heroin. This was admitted to in open court before sentencing. There was also testimony that defendant had from 20 to 38 pounds of marijuana in his possession. The transcript further reveals that Judge Stowers stated that he did not consider evidence that the defendant had made sales of marijuana. The statutory limit of one to five years was observed by the court. Therefore, we must find that the trial court did not abuse the wide discretion that it has in sentencing. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) and Driver v. State, 201 Md. 25, 92 A.2d 570 (1952).

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, JJ., concur.