641 P.2d 1081

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Melba WILSON, Defendant-Appellant.**

**No. 5391.**

Court of Appeals of New Mexico.

Feb. 2, 1982.

John B. Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

The basic sentence, Section 31–18–15, N.M.S.A. 1978 (1981 Repl.) for defendant's aggravated battery, Section 30–3–5(C), N.M.S.A. 1978, was three years. The trial court altered the basic sentence by increasing the sentence an additional year, for a total of four years, because of aggravating circumstances. Section 31–18–15.1, N.M.S.A. 1978 (1981 Repl.). The appeal attacks the propriety of the additional one year sentence. We discuss: 1. The basis for the additional sentence; 2. the applicability of the aggravated circumstances provision to aggravated battery and 3. constitutional claims.

*Basis for additional sentence.*

The Legislature establishes criminal penalties; the trial court's authority to sentence is that which has been provided by law. *State v. Pendley*, 92 N.M. 658, 593 P.2d 755 (Ct.App.1979); *State v. Hovey*, 87 N.M. 398, 534 P.2d 777 (Ct.App.1975). The legislative authority to increase a basic sentence on the basis of aggravating circumstances is Section 31–18–15.1 *supra*, which reads:

A. The court shall hold a sentencing hearing to determine if mitigating or aggravating circumstances exist and take whatever evidence or statements it deems will aid it in reaching a decision. The court may alter the basic sentence as prescribed in Section 31–18–15 NMSA 1978 upon a finding by the judge of any mitigating or aggravating circumstances surrounding the offense or concerning

the offender. If the court determines to alter the basic sentence, it shall issue a brief statement of reasons for the alteration and incorporate that statement in the record of the case.

B. The judge shall not consider the use of a firearm or prior felony convictions as aggravating circumstances for the purpose of altering the basic sentence.

C. The amount of the alteration of the basic sentence for noncapital felonies shall be determined by the judge. However, in no case shall the alteration exceed one-third of the basic sentence.

It is undisputed that defendant committed the aggravated battery by shooting the victim with a firearm. Defendant, however, was not charged with use of a firearm for purposes of an enhanced sentence; the trial court lacked authority to direct that defendant be so charged. *State v. Session*, 91 N.M. 381, 574 P.2d 600 (Ct.App.1978). The trial court's original sentence imposed an additional year for aggravating circumstances; one of the aggravating circumstances relied upon was the undisputed fact that a firearm was used. We remanded the cause for resentencing, *State v. Wilson*, No. 5091, filed June 2, 1981 (Ct.App.) because § 31–18–15.1(B), *supra*, prohibits the trial court from considering the use of a firearm as an aggravating circumstance for the purpose of altering the basic sentence. The reason is that § 31–18–16, N.M.S.A. 1978 (1981 Repl.) provides for an enhanced penalty for use of a firearm.

At resentencing the trial court again increased the sentence by an additional year on the basis of aggravating circumstances.

At the sentencing hearing, the trial court may take "evidence or statements" to determine whether aggravating circumstances exist. The circumstances to be considered are the "circumstances surrounding the offense or concerning the offender." § 31–18–15.1(A), *supra*.

The evidence received at the sentencing hearing was presented by defendant; the evidence was to the effect that defendant should be placed on probation. This evidence developed nothing as to aggravating circumstances.

A "statement" before the trial court was a pre-sentence report. *See* § 31–21–9, N.M.S.A. 1978 (1981 Repl.); R.Crim.Proc. 56; *State v. Montoya*, 91 N.M. 425, 575 P.2d 609 (Ct.App.1978). Included as part of the pre-sentence report was a typed statement signed by defendant.

Defendant stated that she "decided to have it out with him [the victim] one way or another" about their cooling love affair; that she parked near a bar and saw the victim leave with a waitress; that she followed in her car and saw where the victim turned his car; that she drove to where the victim lived and parked; that the victim arrived "about two hours later"; that the victim drove to a parking lot, followed by defendant. The defendant got into the victim's car, saying "you bastard, you son-of-a-bitch, I saw you with Mary [the waitress]"; the victim remonstrated with and attempted, unsuccessfully, to hug defendant; "I told him, 'It doesn't take two hours to give somebody a ride home.'" "I said, 'Did you get a good piece of ass tonight.' He said, 'No, I didn't.' Then I said, 'Well I'm really sorry because it'll probably be your last.' Then I pulled my gun out and I shot him."

In finding aggravating circumstances, the trial court referred to defendant's two-hour wait for the victim, to defendant's statement just before she fired, and the deliberateness of defendant's actions. The trial court characterized defendant's actions as attempted murder in the first degree. We answer defendant's attack on the circumstances in this issue; we answer the attack on the characterization in discussing the constitutional claims.

Defendant asserts there are no aggravating circumstances. She makes two arguments; both are based on a misreading of § 31–18–15.1(A), *supra*.

■ The aggravated battery in this case was an unlawful application of force with intent to injure. Section 30–3–5, *supra*. Defendant was charged with, and pled guilty to, this offense. She asserts that a "necessary factual basis" of her plea was an

intent to injure. Her first argument seems to be that the intent to injure utilizes all the possible aggravating circumstances so that none can exist apart from the intent to injure. We disagree. The circumstances to be considered are the "circumstances surrounding the offense and concerning the offender," § 31–18–15.1(A), *supra.* An intent to injure is an element of the offense, see U.J.I.Crim. 3.52; however, an admission of or proof of that element does not eliminate the circumstances surrounding either that element or the entire offense from being considered.

The second argument is "that the imposition of the aggravated portion of the sentence was based upon the exact same factors which made the offense a felony as opposed to a misdemeanor." This contention refers to the statutory requirements for the offense to be a felony. Those requirements are aggravated battery by "inflicting great bodily harm or do[ing] so with a deadly weapon or do[ing] so in any manner whereby great bodily harm or death can be inflicted," § 30–3–5(C), *supra.*

■■ At the resentencing hearing the trial court did refer to elements of felony aggravated battery, but when defendant objected that the elements could not be used for increasing the sentence, the trial court withdrew its reliance on the elements. We caution trial judges to be alert to the semantic considerations urged by the defendant. The elements of the offense do no more than establish the offense. The circumstances surrounding the offense, including the circumstances surrounding each of the elements of the offense, may be considered under § 31–18–15.1(C), *supra.*

■ The trial court did not consider "the exact same factors" as defendant contends. By her guilty plea, defendant admitted the requirements for felony aggravated battery. The trial court considered the "circumstances surrounding the offense," not the elements of the offense in finding that the circumstances were aggravating.

*Applicability of aggravated circumstances to aggravated battery.*

■ We have referred to the statutory requirements to raise an aggravated battery from a misdemeanor to a felony—"inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted." Section 30–3–5(C), *supra.* We agree with defendant that these are specific requirements.

■ We also agree with defendant that the provisions in § 31–18–15.1, *supra,* for increasing the sentence on the basis of aggravating circumstances, are general provisions.

Defendant asserts that §§ 30–3–5(C), and 31–18–15.1, *supra,* provide punishment for the same offense, and that the statutes are in conflict. Relying on *State v. Lujan,* 76 N.M. 111, 412 P.2d 405 (1966), defendant states: "Where a general statute is inclusive of matters within a special statute, and there is a conflict, the special statute controls."

■ The fallacy in defendant's argument is the assumption that there is a conflict; there is no conflict. When the requirements of felony aggravated battery are met, that is, when the elements are established, the basic sentence is three years. That basic sentence may be altered, down as well as up, if there are mitigating or aggravating circumstances. We have pointed out, in the first issue, that the alteration depends on "circumstances surrounding the offense or concerning the offender" and not on the elements of the offense. An example may be helpful. The elements of felony aggravated battery are established by proof that a victim was knifed, with an intent to injure. Upon such proof the basic sentence is three years. All matters relevant to the knifing event are circumstances that may mitigate or aggravate and result in an altered sentence. There is a difference between a knifing in a Saturday night social fight and a knifing after lying in wait for the victim.

There being no conflict, there is no basis for applying the rule involving specific-general statutes. Section 31–18–15.1, *supra*, simply provides that the penalty for a felony may be altered, up or down, on the basis of the circumstances involved. *Compare State v. Gabaldon*, 92 N.M. 230, 585 P.2d 1352 (Ct.App.1978).

*Constitutional claims.*

(a) Claimed due process violation.

It is fundamental that an accused must be tried only for the offense charged. *State v. Loveless*, 39 N.M. 142, 42 P.2d 211 (1935). An accused may not be found guilty of an offense which has not been charged or which is not included within the offense charged. *State v. Villa*, 85 N.M. 537, 514 P.2d 56 (Ct.App.1973). Nor may an accused be imprisoned following conviction of an offense on which the accused was not tried. *Presnell v. Georgia*, 439 U.S. 14, 99 S.Ct. 235, 58 L.Ed.2d 207 (1978).

Defendant contends the additional sentence of one year was imposed because the trial court believed that the facts supported conviction for another offense. This argument is directed to the trial court's characterization, at the resentencing hearing, that defendant's actions showed an attempted murder in the first degree.

Defendant's argument ignores the record. Defendant was charged with, and pled guilty to, felony aggravated battery. Before accepting the guilty plea, defendant was advised of "the range of possible sentence * * * from a suspended sentence to a maximum of 6 years * * *." The possible six years is made up of a three year basic sentence, one year additional for aggravating circumstances, and the possibility of two years of incarceration under the parole provision. *See* §§ 31–18–15 and 31–18–15.-1, *supra*, and § 31–21–10(D), N.M.S.A. 1978 (1981 Repl.). The sentence imposed, of four years, is an authorized sentence for felony aggravated battery under aggravating circumstances.

The trial court found aggravating circumstances—defendant's two-hour wait for the victim, defendant's statement before she shot the victim, defendant's deliberateness. The trial court could properly consider these circumstances as aggravating and could properly add an additional year to the sentence on the basis of these circumstances.

The only basis for defendant's due process argument is the trial court's characterization of the circumstances as showing attempted first degree murder. The characterization was unnecessary and is to be disregarded; having stated his reason for altering the basic sentence for felony aggravated battery, the altered sentence was not made erroneous by the superfluous reference to another offense. *Compare State v. Baca*, 84 N.M. 513, 505 P.2d 856 (Ct.App. 1973); *State v. Dodson*, 83 N.M. 11, 487 P.2d 921 (Ct.App.1971).

Due process was not violated because defendant was convicted of the offense charged and sentenced for that conviction.

(b) Separation of powers.

Because it is the legislature that establishes criminal penalties, defendant seems to argue that § 31–18–15.1, *supra*, violates the doctrine of separation of powers. This argument overlooks the fact that the legislature enacted § 31–18–15.1, *supra*; that this legislation authorized trial courts to increase or decrease the basic sentence, and that the authorization does provide standards for an increase or decrease. The alteration shall not exceed one-third of the basic sentence, the alteration requires a finding of mitigating or aggravating circumstances with reasons stated in the record; the circumstances considered are those surrounding the offense or concerning the offender, use of a firearm and prior felony convictions are excluded from the circumstances which may be considered. There is no violation of the doctrine of separation of powers. *See State v. Freeman*, 95 N.M. 127, 619 P.2d 572 (Ct.App.1980).

(c) Double jeopardy.

We have previously referred to the requirements, stated in § 30–3–5(C), *supra*,

for raising the aggravated battery from a misdemeanor to a felony. Defendant asserts that the requirements are used twice—first to raise the aggravated battery to a felony and second for aggravating circumstances. She asserts that dual use of the elements which increase the degree of the offense is double jeopardy. This argument overlooks the fact that the elements are not used twice. The elements are used to establish felony aggravated battery; the "circumstances surrounding the offense or concerning the offender," § 31–18–15.1(A), *supra*, are used to alter the basic sentence. Only one offense is involved; that offense is felony aggravated battery. There is no double jeopardy in considering the circumstances of both the felony and the offender in determining whether the basic sentence should be altered pursuant to § 31–18–15.1, *supra*. *See State v. Gabaldon, supra.*

The judgment and sentence are affirmed.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.