672 P.2d 1129

STATE of New Mexico, Petitioner,

v.

Lisa Jeanette SEGOTTA, aka Lisa J. Baca, Respondent.

STATE of New Mexico, Petitioner,

v.

David O. MEAD, Respondent.

No. 14972.

Supreme Court of New Mexico.

Nov. 17, 1983.

Rehearing Denied Dec. 13, 1983.

Paul Bardacke, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for petitioner.

Scott McCarty, Albuquerque, Janet Clow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for respondents.

## OPINION

RIORDAN, Justice.

Defendants Lisa Jeanette Segotta (Segotta) and David O. Mead (Mead), were indicted on Count I for the first degree murder of John A. Segotta contrary to NMSA 1978, Section 30–2–1(A), and on Count II for conspiracy to commit first degree murder contrary to NMSA 1978, Section 30–28–2, and NMSA 1978, Section 30–2–1(A). Segotta was also indicted on Count III for solicitation to commit first degree murder contrary to NMSA 1978, Section 30–28–3 (Cum.Supp.

1980), and Section 30–2–1(A). Both Segotta and Mead were convicted of second degree murder. Segotta was also convicted of solicitation to commit first degree murder. On review, the Court of Appeals affirmed the convictions of Segotta and Mead but remanded both cases for resentencing because NMSA 1978, Section 31–18–15.1 (Cum.Supp.1983) was held unconstitutional. *State v. Segotta,* 100 N.M. 18, 665 P.2d 280 (Ct.App.1983); *State v. Mead,* 100 N.M. 27, 665 P.2d 289 (Ct.App.1983). The State of New Mexico (State) petitions for writ of certiorari. We reverse both cases only on the issue of the constitutionality of Section 31–18–15.1.

The issue addressed is whether Section 31–18–15.1 is unconstitutionally vague.

The facts are adequately presented in both opinions by the Court of Appeals. After trial and upon both convictions for second degree murder, the trial court found that aggravating circumstances existed and sentenced Segotta and Mead to be imprisoned for twelve years, nine years as a basic sentence and three years for aggravating circumstances.

On review, the Court of Appeals held that Section 31–18–15.1 did not withstand the constitutional challenge of vagueness. Specifically, the Court of Appeals held that the lack of guidelines renders Section 31–18–15.1 void for vagueness and that absent either guidelines or criteria for determining what circumstances may be aggravating, Section 31–18–15.1 lacks clarity and is subject to widely varied application. We disagree.

A statute will be held unconstitutional in violation of due process of law, if the statute either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess at its meaning and differ as to its application. *Bokum Resources Corp. v. New Mexico Water Quality Control Commission,* 93 N.M. 546, 603 P.2d 285 (1979). Constitutional vagueness is based on notice and applies when a potential actor is exposed to criminal sanctions without a fair warning as to

the nature of the proscribed proceedings. *State v. Marchiondo,* 85 N.M. 627, 515 P.2d 146 (Ct.App.1973). Nevertheless, in scrutinizing the constitutionality of a statute, we have adopted certain rules of statutory construction. Namely, we presume the statute to be constitutional. *Gruschus v. Bureau of Revenue,* 74 N.M. 775, 399 P.2d 105 (1965). In addition, we have a duty to construe a statute in such a manner that it is not void for vagueness if a reasonable and practical construction can be given to its language. *See State ex rel. Sanchez v. Reese,* 79 N.M. 624, 447 P.2d 504 (1968). The statute must be read and considered as a whole so as to ascertain its legislative intent, and the statute's words and phrases are to be considered in their generally accepted meaning. *See State v. Najera,* 89 N.M. 522, 554 P.2d 983 (Ct.App.1976).

Section 31–18–15.1 provides that:

A. The court shall hold a sentencing hearing to determine if mitigating or aggravating circumstances exist and take whatever evidence or statements it deems will aid it in reaching a decision. The court may alter the basic sentence as prescribed in Section 31–18–15 NMSA 1978 upon a finding by the judge of any mitigating or aggravating circumstances surrounding the offense or concerning the offender. If the court determines to alter the basic sentence, it shall issue a brief statement of reasons for the alteration and incorporate that statement in the record of the case.

B. The judge shall not consider the use of a firearm or prior felony convictions as aggravating circumstances for the purpose of altering the basic sentence.

C. The amount of the alteration of the basic sentence for noncapital felonies shall be determined by the judge. However, in no case shall the alteration exceed one-third of the basic sentence.

The Court of Appeals previously has considered challenges to the constitutionality of Section 31–18–15.1 in *State v. Wilson,* 97 N.M. 534, 641 P.2d 1081 (Ct.App.), *cert. denied,* 98 N.M. 50, 644 P.2d 1039 (1982). In *Wilson,* the defendant committed an aggravated battery by shooting the victim with a firearm. . Upon review, the Court of Appeals determined that factors such as the defendant's two hour wait for the victim, defendant's statement before she shot the victim, and defendant's deliberateness could be properly considered by the trial court as aggravating circumstances pursuant to Section 31–18–15.1. The Court of Appeals, therefore, specifically held that Section 31–18–15.1 is *not* unconstitutional as violative of either due process, separation of powers, or double jeopardy. However, in its present constitutional analysis of Section 31–18–15.1, the Court of Appeals neglected to consider its holding in *Wilson* and the holding in the present case creates inconsistencies which give rise to our consideration of the matter.

 After reviewing Section 31–18–15.1 in terms of the constitutional analysis of *Wilson,* and in view of our rules of statutory construction, we determine Section 31–18–15.1 to be constitutional. We agree with the rationale of the Colorado Supreme Court in the case of *People v. Phillips,* 652 P.2d 575 (Colo.1982). In *Phillips,* the Court construed a similar sentencing statute involving aggravating and mitigating factors[1] to determine whether their

---

1. Colorado's sentencing statute is similar to NMSA 1978, Section 31–18–15.1 (Cum.Supp. 1983). The Colorado statute, Colo.Rev.Stat. Section 18–1–102.5 (1973) (Cum.Supp.1982) provides that:

**Purposes of code with respect to sentencing.** (1) The purposes of this code with respect to sentencing are:

(a) To punish a convicted offender by assuring the imposition of a sentence he *deserves* in relation to the seriousness of his offense;

(b) To assure the fair and consistent treatment of all convicted offenders by eliminating unjustified disparity in sentences, providing fair warning of the nature of the sentence to be imposed, and establishing fair procedures for the imposition of sentences;

(c) To prevent crime and promote respect for the law by providing an effective deterrent to others likely to commit similar offenses; and

(d) To promote rehabilitation by encouraging correctional programs that elicit the vol-

sentencing statute was unconstitutionally vague. In determining that the Colorado sentencing statute was *not* unconstitutionally vague, the Court rationalized that:

> The presumptive sentencing statute reflects the legislature's concern that sentencing of felons be fair and consistent, provide punishment commensurate with the seriousness of the offense, act as a deterrent, and promote rehabilitation. In order to accomplish these multi-faceted goals, the legislature first established a presumptive range of sentences for different classes of felonies, thus ensuring fairness and consistency by eliminating unjustified disparity in sentences. It required the court to consider, when determining the sentence within the presumptive range, not only the nature and elements of the offense and the character and record of the offender, but also aggravating and mitigating circumstances surrounding the offense and the offender.
> Recognizing that circumstances might arise which would dictate a sentence lesser or greater than permitted under the presumptive sentence range, the legislature authorized the sentencing court to exercise independent judgment if it determined that extraordinary mitigating or aggravating circumstances were present and such circumstances were supported in the record of the sentencing hearing and the presentence report.
> The phrase "aggravating or mitigating circumstances," in the context of a sentencing statute, has a long history and appears in the sentencing statutes of other states. Although the phrase is not defined in the legislative act, that failure does not render the statute unconstitutionally vauge. We, as other courts, often make reference to dictionaries and to the case law to determine the probable legislative intent in using a particular word.
> "Aggravate" has been defined as "to make worse, more serious, or more severe: intensify." *Webster's Third New International Dictionary* at 41 (1971).

untary cooperation and participation of con-

"Mitigate" has been defined as "to make less severe, violent, cruel, intense, painful; soften, alleviate." *Id.* at 1447.

*Id.* at 579 (citation omitted) (footnote omitted). Therefore, we hold that Section 31–18–15.1 is not unconstitutionally vague.

 We further agree with *Phillips* that some of the factors which a trial court *may* consider and weigh as mitigating or aggravating circumstances in sentencing pursuant to Section 31–18–15.1 are: unusual aspects of the defendant's character, past conduct, age, health, any events surrounding the crime, pattern of conduct indicating whether he or she is a serious threat to society, and the possibility of rehabilitation. However, we do not limit a trial court to these factors. Furthermore, Section 31–18–15.1 requires the trial court to issue a brief statement of reasons for the alteration of the sentence, and must include these findings in the record to preserve the defendant's trial court record for appellate review.

Insofar as both Court of Appeals' decisions of *State v. Segotta* and *State v. Mead* hold that Section 31–18–15.1 is unconstitutionally vague, they are reversed.

IT IS SO ORDERED.

PAYNE, C.J., SOSA, Senior Justice, and FEDERICI and STOWERS, JJ., concur.