739 P.2d 986

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Raymond Michael BERNAL,
Defendant-Appellant.**

**No. 9670.**

Court of Appeals of New Mexico.

June 2, 1987.

Certiorari Denied July 13, 1987.

Hal Stratton, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Ellen Bayard, Santa Fe, for defendant-appellant.

### OPINION

MINZNER, Judge.

Defendant was convicted of two counts of second degree criminal sexual penetration, and one count each of kidnapping, false imprisonment, and assault with intent to commit criminal sexual penetration. Defendant appeals the increase of the basic sentence imposed pursuant to NMSA 1978, Section 31–18–15.1 (Repl.Pamp.1981), based upon a finding of aggravating circumstances.

At sentencing, the trial court ordered that defendant serve a term of imprisonment of nine years each on the three second degree felony counts. The court ordered that the sentences for each of the three counts shall run consecutive to one another, and the court imposed an additional three years as to each of those counts for aggravating circumstances. The court also ordered that defendant's remaining sentences be served concurrently with the term imposed for the three second degree felony counts.

The trial court stated its reasons for increasing defendant's basic sentences at the sentencing hearing. A taped record is preserved for our review. The court, by its statement after evidence and argument, indicated that it considered (1) testimony of a psychologist that defendant could be a "power" rapist, that defendant's drinking triggers violent and aggressive behavior, and that the court had no guarantee or expectation that his alcohol abuse can be controlled, and (2) evidence that defendant's action was "brutal" in nature. The court stated, in part, that these were "brutal" rapes and that they "permanently affected the victim, physically, emotionally and careerwise * * * *" The court emphasized it had a duty to protect society and that it could not risk defendant being unable to control alcohol abuse.

Defendant's initial docketing statement raised two issues which he did not address in his briefs. Those issues are deemed abandoned. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.1985). Defendant argues two remaining issues: (1) whether Section 31–18–15.1 is unconstitutional per se and as applied in this case; and (2) whether the considerations stated by the trial court supported enhancement. We affirm.

## CONSTITUTIONALITY OF SECTION 31–18–15.1.

■ Defendant notes that physical injury is an element of the crime of second degree criminal sexual penetration. *See* NMSA 1978, § 30–9–11(B)(2) (Repl.Pamp. 1984). He contends that the trial court's consideration of the physical injury suffered by the victim in this case exposed him to double jeopardy. We disagree.

First, in referring to the injuries suffered by the victim, the trial court mentioned emotional as well as physical injuries. In context, the court appears to be discussing its duty to protect society against violent behavior rather than citing a specific aggravating circumstance.

Second, the double jeopardy argument raised here was rejected by this court in *State v. Wilson*, 97 N.M. 534, 538, 641 P.2d 1081, 1085 (Ct.App.1982): "[t]he elements of the offense do no more than establish the offense. The circumstances surrounding the offense, including the circumstances surrounding each of the elements of the offense, may be considered under § 31–18–15.1(C) * * * *" The factors considered by the trial court in this case parallel those listed as permissible factors for consideration in *State v. Segotta*, 100 N.M. 498, 501, 672 P.2d 1129, 1132 (1983): "unusual aspects of the defendant's character, past conduct, age, health, any events surrounding the crime, pattern of conduct indicating whether he or she is a serious threat to society, and the possibility of rehabilitation."

Third, the rationale of *People v. Conover*, 84 Ill.2d 400, 50 Ill.Dec. 638, 419 N.E.2d 906 (1981), relied upon by defendant, does not apply to this case. The Illinois Supreme Court in *People v. Conover* construed an Illinois statute that expressly listed factors the trial court may consider in imposing a more severe sentence. The factors included whether the defendant received " 'compensation for committing the offense.' " *Id.* at 404, 50 Ill.Dec. at 642, 419 N.E.2d at 908. The question was whether the fact that a burglary or theft involved proceeds could be considered a circumstance justifying enhancement of the basic sentence, and the answer was no. The court's rationale was: "[i]nasmuch as most burglaries and every theft involve proceeds, it is reasonable to conclude that the legislature already considered that factor in establishing the penalties." *Id.* at 405, 50 Ill.Dec. at 643, 419 N.E.2d at 909. Thus, *People v. Conover* is based upon the

court's determination of legislative intent, not the constitutional prohibition against double jeopardy.

Furthermore, the crime of criminal sexual penetration with personal injury is not necessarily accompanied by the factors considered by the trial court for aggravation of the sentence in the case before us. The record supports a conclusion that the trial court properly considered "circumstances surrounding the offense" and "concerning the offender," as required by Section 31–18–15.1(A). *See People v. Saldivar,* 113 Ill.2d 256, 100 Ill.Dec. 776, 497 N.E.2d 1138 (1986) (it is permissible to consider particular circumstances and nature of offense committed when finding aggravation); *cf. People v. Conover.* The court's consideration of circumstances surrounding an element of the offense did not expose defendant to double jeopardy. *State v. Wilson.*

**PROPRIETY OF ALTERATION OF SENTENCES.**

Defendant also contends that the trial court erred in its application of Section 31–18–15.1. He claims there were several errors.

■ First, defendant asserts that the trial court did not comply with the statutory requirements, because the court failed to place its reasons for altering the sentences in the written record. We disagree with defendant's interpretation of the statute. It provides, in pertinent part: "If the court determines to alter the basic sentence, it shall issue a brief statement of reasons for the alteration and incorporate that statement in the record of the case." § 31–18–15.1(A). Appellate review would be easier if the trial court had filed a written statement of its reasons for alteration of a basic sentence, as part of the court file. *See* SCRA 1986, 12–209(A). However, the statement here was part of the appellate record, because it was included in the transcript. *See* SCRA 1986, 12–211(A).

Defendant's sentences were reduced to writing in the judgment and sentence filed by the court. Although the trial court did not include in writing its reasons for aggravating defendant's basic sentences, Section 31–18–15.1(A) requires only that the rea-sons for an enhanced sentence be incorporated in the record of the case. We are not persuaded that the legislature also intended to require that the statement of reasons be part of the written judgment. We hold that the oral statement of reasons was part of the "record of the case" within the meaning of Section 31–18–15.1. *See* SCRA 1986, 5–111.

Defendant contends that a sentence is not final unless reduced to writing and cites *State v. Diaz,* 100 N.M. 524, 673 P.2d 501 (1983), *cert. denied,* 469 U.S. 1016, 105 S.Ct. 429, 83 L.Ed.2d 356 (1984). We agree. In the case before us, however, the finality of defendant's judgment and sentencing is not at issue, only the reasons for aggravating his sentences. *State v. Diaz* does not require the reasons for aggravation to be in writing. Therefore, defendant's reliance on *State v. Diaz* is misplaced and his contention regarding finality is without merit.

■ Finally, defendant asserts that the trial court's statement of reasons does not satisfy the intent of the statute. We understand this argument to raise the issues of sufficient evidence and sufficient clarity. As discussed above, the trial court properly considered the nature and extent of the victim's injury as a circumstance surrounding the offense. *See* § 31–18–15.1(A); *State v. Wilson.* The record indicates that the court considered the potential that defendant would repeat the crime. The testimony of the forensic psychologist at the sentencing hearing provided evidence as to the potential for repetition. This consideration was also permissible. *See State v. Segotta.* The trial court stated that defendant's basic sentences should be enhanced because defendant's brain dysfunction in combination with alcohol triggers the kind of brutal behavior visited upon the victim in this case and that there was a poor prognosis for recovery from alcohol abuse. Both statements are supported in the testimony at the sentencing hearing, and defendant does not dispute them on appeal.

The trial court is clear that, in view of its duty to protect society, it could not take a risk with this defendant. The factors the trial judge stated are permissible considerations. Under these circumstances, his statement was sufficient under Section 31–18–15.1(A). *See State v. Segotta.*

**CONCLUSION.**

For the foregoing reasons, the sentences imposed by the trial court are affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and BIVINS, J., concur.