OPINION OF THE COURT
Herbert J. Lipp, J.
Defendants move this court jointly for an order granting various forms of pretrial relief. The first branch of the defendants’ motion which requested the recusal of Judge Raymond Harrington has previously been granted. (See, decision dated Aug. 13, 1987.) Oral argument on the remaining issues was entertained by this court on November 5, 1987. This decision constitutes the resolution of these remaining issues.
CONSTITUTIONALITY OF PENAL LAW § 263.15
Defendants are charged in counts 1 through 5 of the indictment with violating Penal Law §263.15, promoting a sexual performance by a child. Defendants’ request for an order declaring Penal Law § 263.15 unconstitutional on its face as overbroad and/or void for vagueness as a matter of Federal constitutional law is denied. (New York v Ferber, 458 US 747 [1982].) Defendants’ challenge to the constitutionality of section 263.15 as violative of New York constitutional law on the grounds of vagueness and overbreadth is also denied. (People v Ferber, 57 NY2d 256, 259 [1982] [holding the constitutionality of the statute must be decided on a case-by-case basis according to those peculiar facts].)
Alternatively, defendants argue that section 263.15 is unconstitutional as it is applied to the facts of this case. Defendants contend that their right to possess and exchange the subject matter which constitutes the charge of violating section 263.15 unconstitutionally impinges upon their right of "privileged privacy” as is protected by the New York and the Federal Constitutions. It is the People’s assertion that the *593 defendants in this instance were actively involved in exchanging, through the mail, material allegedly featuring persons under the age of 16 in various stages of undress and engaged in alleged sexual acts. It is conceded by the People that none of the exchanges allegedly made were for commercial profit or monetary gain. Defendants challenge the application of section 263.15 to these facts because there was "no commercial exploitation of child pornography”, and as such defendants assert the statute is too overbroad in its application.
Section 263.15 of the Penal Law reads as follows:
"Promoting a sexual performance by a child.
"A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any performance which includes sexual conduct by a child less than sixteen years of age.
"Promoting a sexual performance by a child is a class D felony.”
The word "promote” as used in the statute is defined by Penal Law § 263.00 (5) to mean "procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same.” The plain language of this definitional section dispels any notion that section 263.15 is devoted exclusively to "commercial” exploitation.
This leaves us with the question of whether the particular circumstances presented in this case warrant a finding that the statute is overbroad and impinges upon the right of privacy of the defendants.
Penal Law § 263.15 is directed against the exploitation of children "as subjects in sexual performances”. (L 1977, ch 910, § 1.) The United States Supreme Court holds that the State has a " 'compelling’ ” interest in " 'safeguarding the physical and psychological well-being of a minor’ ”. (New York v Ferber, 458 US 747, 756-757, supra, citing Globe Newspaper Co. v Superior Ct, 457 US 596, 607 [1982].) Additionally, the court in Ferber found that "[t]he distribution of photographs * * * depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children in at least two ways. First, the materials produced are a permanent record of the children’s participation and the harm to the child is exacerbated by their circulation. Second, the distribution network for child pornography must be closed if the production of material *594 which requires the sexual exploitation of children is to be effectively controlled.” (Supra, at 759.)
The State is, therefore, not proscribed from protecting its legitimate State interest through restricting the promotion of sexually exploitive material as defined in the statute. Again, it is not solely the commercial use or promotion which creates the harm to the child but it is the record of the child’s conduct "exacerbated by [the] circulation” (New York v Ferber, supra, at 759), in this instance through the mail, which is within the State’s legitimate interests to protect through proscribing that conduct. For this court to hold otherwise would permit the unbridled sexual exploitation of children for any base purpose not associated with commercial gain. This court, therefore, holds that Penal Law § 263.15 as applied to the instant case is constitutional pursuant to the New York and Federal Constitutions.
INSPECTION OF GRAND JURY MINUTES
Defendants’ motion for the inspection of the Grand Jury minutes is granted. The District Attorney is hereby ordered to submit to the court the Grand Jury minutes for in camera inspection. (CPL 210.30.)
CONTROVERSION OF THE SEARCH WARRANT AND SUPPRESSION OF PHYSICAL EVIDENCE
Defendants seek to controvert the search warrant which permitted the search and seizure of certain items at 26 Midland Road, Roslyn Heights, New York, the purported residence of defendants, and to suppress any and all items seized pursuant thereto. This search warrant was signed by the Hon. John J. O’Shaughnessy on October 2, 1986. Defendants set forth several grounds upon which they seek such relief.
Defendants’ first contention is that the application for the search warrant failed "entirely to establish probable cause to believe that any of the alleged * * * 'obscene’ materials would be found at the residence of defendant Levitz”. Essentially, the defendants argue that on its face the affidavit of Police Officer Gordon Bradberry does not establish the probable cause necessary to search those premises. This court has reviewed the warrant in question, the affidavit of Police Officer Bradberry and the accompanying exhibits and finds no compelling reason on the face of the document to disturb the *595 findings of the issuing Judge. (See, discussion in People v Hanlon, 36 NY2d 549, 559 [1975] [per Wachtler, J.].)
Defendants next contend that the warrant itself is defective because it fails to satisfy the particularity requirement of the Fourth Amendment to the US Constitution. The defendants assert that the warrant fails to meet constitutional muster in that the executing officials were required to make judgments about whether or not a child depicted was under 16 years of age. This court holds that the particularity requirement of the Fourth Amendment is satisfied by the warrant. (United States v Weigand, 812 F2d 1239 [9th Cir 1987].) This court notes that the decision of the First Circuit in United States v Diamond (808 F2d 922 [1987]) cited by defendants in their brief was subsequently withdrawn by that court. (United States v Diamond, 820 F2d 10 [1st Cir 1987, en banc].)
Defendants next argue that no probable cause was shown that obscene materials would be found. This court finds that the affidavit of Police Officer Bradberry coupled with the accompanying exhibits provide sufficient probable cause that such material would be found on the premises.
Defendants also contend that the execution of the warrant was unlawful in that the manner and scope of the items seized "grossly exceeded the intended purpose of the warrant.” Defendants request suppression of "all evidence seized from the house, rather than just the inappropriately seized items.”
The People have noted in their papers and upon oral argument that numerous items were seized which were not subject to the search warrant. A hearing is ordered to determine whether the conduct of the police in searching the house and seizing said items was so outrageous as to warrant suppression of all the items seized in the search. (Cf., People v Isaacson, 44 NY2d 511 [1978].) In addition a suppression hearing will examine whether searches made of a safe in Ms. Levitz’s house and from post-office boxes in Albertson and New York City were consented to or were otherwise authorized by the warrant.
Lastly, the defendants by their respective attorneys have alleged in their affidavit that certain misrepresentations were made in Police Officer Bradberry’s affidavit in support of the search warrant. The People concede that certain misrepresentations were made. A hearing is ordered to ascertain the extent and effect of such statement(s) (including the references to "family fun”) upon the finding of probable cause contained in this affidavit. (People v Alfinito, 16 NY2d 181 [1965].)
*596 SUPPRESSION OF STATEMENTS
The People have consented to a Huntley hearing.
DEBRIEFING STATEMENTS
The People have provided the defendants with a summary of their respective debriefing statements. The use of these statements is limited to cross-examination of the defendants should they choose to testify.