841 P.2d 562

STATE of New Mexico,
Plaintiff–Appellee,

v.

Len Allen KURLEY, Defendant–
Appellant.

No. 13337.

Court of Appeals of New Mexico.

Sept. 24, 1992.

Certiorari Denied Nov. 4, 1992.

Tom Udall, Atty. Gen., Ann M. Harvey, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Leonard J. Foster, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

PICKARD, Judge.

Defendant appeals the aggravation of his sentence following his conviction, pursuant to a guilty plea, for aggravated battery (great bodily harm). He raises a number of issues, most of which were not preserved at the trial court level. To overcome the preservation problems, defendant maintains the asserted errors amount to fundamental error that may be raised for the first time on appeal. We affirm.

Defendant pleaded guilty to aggravated battery (great bodily harm) as a result of an incident in which a man was beaten so badly by defendant and defendant's companions that he died as a result of his injuries. At defendant's guilty plea proceedings, the trial court asked whether the state intended to request aggravation of defendant's sentence. Counsel for the state did not rule out the possibility, and told the court that defendant should be aware that he could be sentenced to four years instead of only three. Counsel added that the state would await preparation and review of a presentence report before making a decision on the matter. Defendant's counsel indicated that defendant was aware of the possibility that his sentence might be aggravated.

The presentence report writer did not recommend aggravation of defendant's sentence. Instead, the writer recommended a three-year sentence with two years suspended, and recommended that defendant serve 364 days in the Bernalillo County Detention Center instead of in the penitentiary. Despite this recommendation, at the sentencing hearing the state asked the trial court to aggravate defendant's sentence. The state discussed the facts that the beating resulted in the victim's death, that defendant left the victim to die instead of calling for aid, and that defendant had not addressed the alcohol problem that led to his involvement in the crime. Defendant argued that the recommendations of the presentence report should be followed. The trial court refused to follow the recommendation, and instead aggravated defendant's sentence to four years. In pronouncing sentence, the judge stated that she had called the presentence report writer to discuss the recommendation because it seemed somewhat lenient under the circumstances. The writer told the judge the recommendation was based on defendant's age and the fact that defendant appears to be bright and could be an achiever. Defendant did not raise any objection to the trial court's contact with the writer. The trial court went on to state that defendant's failure to complete an alcohol counseling program prior to sentencing, as well as the brutal nature of the crime and the fact that defendant and his companions left the victim to die, were the basis of the aggravation of defendant's sentence.

On appeal, defendant raises the following arguments: (1) the aggravation was based, in part, on elements of the crime of aggravated battery; (2) the aggravation was based on speculative and vague evidence; (3) the aggravation was based on a neutral factor, failing to summon aid, that should not have been considered; (4) the trial court committed fundamental error by contacting the presentence report writer out of the presence of defendant or his

attorney; and (5) fundamental error occurred because defendant was not given proper notice of the grounds upon which his sentence might be aggravated. We address each of these arguments below.

## ATTACKS ON FACTORS RELIED ON TO AGGRAVATE

■ The elements of a crime may not be used as the basis for aggravating the sentence for that crime. *See Swafford v. State,* 112 N.M. 3, 16, 810 P.2d 1223, 1236 (1991). Defendant did not specifically argue this point below. However, he may raise the issue now despite that fact. The *Swafford* prohibition appears to be grounded on double jeopardy considerations, and a claim of double jeopardy may be raised for the first time on appeal. *Id.* (to permit consideration of an element of a crime as aggravating factor would be repetitive of the punishment already established for that crime); *State v. Bernal,* 106 N.M. 117, 118–19, 739 P.2d 986, 987–88 (Ct.App.) (discussing question in terms of double jeopardy), *cert. denied,* 106 N.M. 81, 738 P.2d 1326 (1987); *State v. Edwards,* 102 N.M. 413, 414–15, 696 P.2d 1006, 1007–08 (Ct. App.1984) (defense of double jeopardy may be raised for first time on appeal), *cert. quashed,* 102 N.M. 412, 696 P.2d 1005 (1985). We disagree, however, with defendant's assertion that the aggravation of his sentence was based on elements of the crime he committed.

■ The elements of aggravated battery with great bodily harm include an unlawful touching or application of force to the victim, with the result that great bodily harm is inflicted or can be inflicted. NMSA 1978, § 30–3–5(A), (C) (Repl.Pamp.1984). Defendant contends that the brutality of the crime and his failure to summon aid for the victim are elements of the crime of aggravated battery. He argues that the brutality of the crime created a high probability of death or disfigurement, so that the brutality itself was the "great bodily harm" contemplated by the statute. *See* SCRA 1986, 14–131 (defining great bodily harm). He does not explain how leaving the victim alone after the beating and not attempting to summon

aid could constitute elements of the crime. We disagree with defendant's contentions.

Defendant's failure to aid the victim after the beating is clearly not an element of aggravated battery. The brutality of the crime, although it is a fact used to prove great bodily harm, does not equate to great bodily harm for purposes of the aggravation statute. The manner in which a crime is committed can bear on a number of factors relevant to sentencing, including defendant's propensity to repeat the crime, the potential for harm resulting from the crime, and defendant's potential for rehabilitation. *See State v. Segotta,* 100 N.M. 498, 501, 672 P.2d 1129, 1132 (1983) (factors to be considered in decision to aggravate include potential for rehabilitation, indications of whether the defendant is a threat to society, and events surrounding crime). For example, torture resulting in great bodily harm obviously is a different matter from a fight resulting in great bodily harm. *See State v. Wilson,* 97 N.M. 534, 538, 641 P.2d 1081, 1085 (Ct.App.) (there is a difference, for purposes of aggravation, between a knifing in a Saturday night fight and a knifing after lying in wait for the victim), *cert. denied,* 98 N.M. 50, 644 P.2d 1039 (1982). Similarly, a brutal attack such as the one that occurred in this case is more culpable than a single punch, even if both result in great bodily harm. We hold that the brutality of the crime was not an element of the aggravated battery in this case, but was a circumstance surrounding the crime that could be considered by the trial court in aggravating defendant's sentence.

■ Defendant maintains that the evidence supporting the aggravation was insufficient because there was no specific testimony or other evidence establishing exactly what acts he performed during the assault. When he pleaded guilty, defendant admitted to striking the victim and participating in the attack. However, he argues that without actual evidence that his own acts, rather than the acts of his companions, were brutal, the court should not have aggravated his sentence. We are not convinced that the lack of evidence

regarding defendant's exact degree of participation in the beating affected the trial court's ability to aggravate based on the brutality factor. Defendant's participation in the beating, which was brutal enough to actually cause death, standing alone, was sufficient. *Cf.* NMSA 1978, § 30–1–13 (Repl.Pamp.1984) (accessory to crime may be convicted of crime to the same or to a different degree as principal).

Defendant also contends that his leaving the victim alone following the beating and failing to summon aid were neutral factors that should not have been a basis for aggravating his sentence. *See State v. Whitaker,* 110 N.M. 486, 490, 797 P.2d 275, 279 (Ct.App.) (mere disappearance of ill-gotten gains is neutral matter that should not be considered in aggravating sentence), *cert. denied,* 109 N.M. 631, 788 P.2d 931 (1990). He argues that failure to aid the victim is common to all aggravated batteries and is simply part of the crime. We note, however, that the circumstances of this case were unusual, in that the victim was beaten and left in an unpopulated area, Nine Mile Hill in Albuquerque, where it was unlikely the victim would be located soon. Leaving the victim in that location increased the likelihood of extremely serious consequences from the attack, including the likelihood of the victim's death. Leaving the victim in such a location also could be an indication of deliberation or attempting to conceal the crime. Again, there is a difference between such an action and a "heat of the moment" attack. *See Wilson,* 97 N.M. at 538, 641 P.2d at 1085.

Defendant argues that the trial judge relied on speculation because the court, in pronouncing sentence, said that there was apparently some discussion beforehand about beating the victim, although she was not sure defendant participated in the discussion. The judge did not, however, rely on premeditation to aggravate the sentence. This contention therefore has no merit. *See id.* (trial court retracted reliance on element of crime as aggravating factor).

## EX PARTE CONTACT WITH PRESENTENCE REPORT WRITER

■ Defendant argues that the trial court's contact with the presentence report writer was impermissible because it denied him due process. *See State v. Redding,* 208 Mont. 24, 675 P.2d 974, 976 (1984) (when judge had private conference with presentence report writer and relied on information gleaned as a result to sentence the defendant, the defendant's right to due process was violated). The state argues that *Redding* should not be the law in New Mexico. We need not decide the question in this opinion, because defendant did not object to the judge's contact below and argues the point on appeal only as fundamental error. Assuming that contacts such as this are not permissible, we hold that under the circumstances of this case, no fundamental error occurred.

■ The doctrine of fundamental error is applied to prevent a miscarriage of justice. *State v. Osborne,* 111 N.M. 654, 662, 808 P.2d 624, 632 (1991). One requirement for a showing of fundamental error is to establish that the error clearly affected the outcome below. *State v. Bencomo,* 109 N.M. 724, 725, 790 P.2d 521, 522 (Ct.App.1990). It does not appear in this case that there is any possibility that the trial judge's contact with the report writer affected defendant's sentence. The judge telephoned the writer because the writer's recommendation seemed exceptionally lenient. The writer did not provide the judge with any negative information concerning defendant; instead, the writer told the judge that defendant is very bright, is young, and has the potential to achieve. The judge sentenced defendant and aggravated the sentence despite this positive information, not because of it. For that reason, we hold that defendant has failed to demonstrate that the court's contact with the writer amounted to fundamental error.

## LACK OF ADEQUATE NOTICE PRIOR TO AGGRAVATION

After defendant was sentenced and filed his notice of appeal, our supreme court decided *Caristo v. Sullivan,* 112 N.M. 623,

818 P.2d 401 (1991). *Caristo* requires that a defendant be given notice of the state's intention to seek aggravation of, or the trial judge's intention to aggravate, the defendant's sentence. *Id.* at 631, 818 P.2d at 409. *Caristo* also requires notice of the factors upon which the aggravation will be based, unless those factors are facts used to prove the elements of the crime. *Id.* at 631–32, 818 P.2d at 409–10. The opinion recognizes that the presentence report may provide defendant with the necessary notice, if it notifies defendant of the state's intention to seek aggravation or of the trial court's ability to aggravate the sentence *sua sponte*, and of the factors upon which the aggravation may be based. *Id.*

 Defendant and the state both apply retroactivity principles to argue that *Caristo* should, or should not, be applied to this case. Such an analysis is unnecessary. In New Mexico, the question of retroactivity of an appellate decision does not arise in a criminal case unless the case has been finalized, including the exhaustion of all rights of appeal. *State v. Valenzuela*, 94 N.M. 340, 341, 610 P.2d 744, 745 (1980), *overruled on other grounds by Hernandez v. State*, 96 N.M. 585, 586, 633 P.2d 693, 694 (1981); *see State v. Gonzales*, 111 N.M. 590, 598, 808 P.2d 40, 48 (Ct.App. 1991) (supreme court case applies to all cases pending on direct review, provided the issue was raised and preserved below). Since this case was pending on appeal at the time *Caristo* was decided, *Caristo* applies here.

The question of whether *Caristo* applies is different from the question of whether defendant preserved the issue below. *Cf. Gonzales*, 111 N.M. at 598, 808 P.2d at 48 (issue must be raised and preserved below). The state argues that defendant did not preserve the issue, either below or on appeal, for the following two reasons: (1) defendant did not object below to any lack of notice of the state's or trial judge's intentions; and (2) defendant did not designate the presentence report as part of the record on appeal, so we cannot determine whether it might have provided the requisite notice. Defendant responds by arguing that the absence of notice constituted fundamental error, and that the absence of the presentence report should not prevent this court from deciding the issue.

 Defendant has not explained why the report was not designated as part of the record, or why no motion to supplement the record with the report was filed during the pendency of this appeal. It is defendant's burden to bring up a record sufficient for review of the issues he raises on appeal. *State v. Jim*, 107 N.M. 779, 780, 765 P.2d 195, 196 (Ct.App.), *cert. denied*, 107 N.M. 720, 764 P.2d 491 (1988). When the record provided by defendant is incomplete, this court will presume that the absent portions of the record support the trial court's actions. *See State v. Padilla*, 95 N.M. 86, 88, 619 P.2d 190, 192 (Ct.App.), *cert. denied*, 95 N.M. 299, 621 P.2d 516 (1980). In this case, such a presumption leads to the conclusion that the presentence report did provide defendant with adequate notice of the possibility of aggravation of his sentence.

Defendant relies on *Caristo* and argues that in this case, as in *Caristo*, his sentence should be reversed and he should receive a new sentencing hearing. We disagree. *Caristo* does not appear to involve a failure to bring up an adequate record, but a complete failure by the trial court to indicate the reasons for aggravating defendant's sentence. *Caristo*, 112 N.M. at 632, 818 P.2d at 410. We do not interpret *Caristo* as in any way affecting the long-standing principle that it is the appellant's burden to bring up an adequate record. Therefore, we affirm in this case because defendant has not provided a sufficient record to review.

 We note that were we to review this issue on its merits and review defendant's contention that the presentence report did not provide him with adequate notice, we would still affirm. Under the circumstances of this case, we do not believe that defendant has established that the lack of specific notice constituted fundamental error. Defendant was made aware at the guilty plea proceedings that aggravation of his sentence was a possibili-

ty. Defense counsel stated during those proceedings that he had discussed the possibility with defendant. Two of the factors leading to the aggravation—the brutality of the crime and leaving the victim in a remote area without summoning aid—were circumstances forming the basis of the charges in this case. *See id.* at 631–32, 818 P.2d at 409–10 (no notice need be provided when basis of aggravation is facts used to prove elements of crime). The transcript we have reveals that the other factor, defendant's failure to address his alcohol problem, was discussed extensively in the presentence report. The only omission in this case was an explicit connection between the alcohol problem and the aggravation. Given the fact that the crime occurred while defendant was heavily intoxicated, however, he should reasonably have been aware that any failure to deal with his addiction would bear on the judge's sentencing decision. Defendant was specifically aware of the possibility of aggravation, not just generally put on notice by the aggravation statute. He was also aware of the factors that ultimately led to the aggravation, so that he was not surprised by the presence of new, heretofore undisclosed information. Under these circumstances, if we were to address this issue, we would hold that no fundamental error occurred.

We affirm defendant's sentence.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.